22    149
189    76

## BEENE VS. THE STATE.

A writ of error will lie to the judgment of the circuit court striking an attorney from the roll; though if an attorney be guilty of a contempt of court he, like every other person, is subject to punishment by fine and imprisonment, without the right of appeal or writ of error.

The circuit court has the inherent power to disbar an attorney who makes a personal attack upon the judge for his action as such; but the attorney is entitled to notice and an opportunity to be heard in defence—the usual practice being to make charges in writing against the attorney, and issue a rule upon him to show cause why he should not be disbarred.

*Writ of Error to Ouachita Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

HARRIS, for plaintiff.

HOLLOWELL, Attorney General, and GALLAGHER and FINLEY, for defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

The writ of error in this case brings up for review a judgment of the Ouachita Circuit Court, rendered at the September term 1859, as follows:

"WILLIAM A. BEENE, as ⎫
     Attorney, disbarred. ⎭

This day came the several attorneys at law and solicitors in chancery, composing the BAR of Ouachita county, and through their chairman and representative John Brown, Esq., unanimously requested that by the order and judgment of this court one William A. Beene, who had been at a preceding day of the present term of this court admitted as an attorney at law and solicitor in chancery of said court, should be deprived of all rights and privileges as such attorney and solicitor in chancery,

and debarred from practicing as such at any future period, on account of a most unwarrantable, unprovoked and infamous personal attack upon the Honorable Judge of this court on account of his action as such Judge.

" It is therefore considered, ordered and adjudged that the license heretofore granted by this court to said William A. Beene, thereby admitting him to all the rights and privileges of an attorney at law and solicitor in chancery, be and the same is hereby revoked, annulled and set aside, and the said William A. Beene is hereby expelled from the number of attorneys and solicitors in chancery as aforesaid, and the clerk of this court is hereby ordered to erase and strike from the list of attorneys and solicitors in chancery of this court the name of said William A. Beene."

A motion has been interposed to quash the writ of error, on the ground that the writ will not lie to such a judgment; and *Cossart vs. The State*, 14 *Ark.* 538, is cited in support of the motion.

In that case a witness was fined for contempt in refusing to answer a question which the court directed him to answer, and he appealed; and it was held by this court that an appeal could not be taken from, nor a writ of error prosecuted to, a judgment of the Circuit Court for contempt. The court said that the power to punish for contempt was discretionary, and "properly confided to the tribunal against whose authority or dignity the offence is committed. One court ought not, indeed cannot undertake to judge of the contempt committed against another court. In a great variety of instances the demeanor punished as contemptuous, if examinable elsewhere, might become intangible or inappreciable. If a contumacious witness, juror, party litigant, or counsel, be entitled to an appeal or writ of error, he could also claim the full benefit of a supersedeas or stay of execution of the sentence, by complying with the statute in such cases, and thereby effectually check the machinery of the court in its operation, and frustrate the wholesome administration of the law."

Every court must necessarily be invested with power to preserve order and decorum, enforce respect for its decisions and obedience to its process, and it could do neither without the discretionary power to punish for contempts. But the power of punishing for contempts is not, and was not by the common law, unlimited either in the mode or degree of punishment to be inflicted. The punishment prescribed by our statute (*Gould's Dig. ch.* 36,) is fine or imprisonment, or both in the discretion of the court, but the extent of the fine and the duration of the imprisonment are limited. Both are temporary in their effects upon the party in contempt. They place him under no permanent disability, and deprive him for no unlimited time of any right or privilege. He is relieved from the consequences of the judgment by paying the fine, and suffering the imprisonment. And though he is denied the right of appeal or writ of error, for the purpose of causing the judgment to be reviewed and reversed for error, yet if the court has acted beyond the scope of its constitutional or inherent power in punishing as contemptuous an act which is palpably not such, or has inflicted a mode or degree of punishment not warranted by law, or has proceeded irregularly in the exercise of its legitimate power, doubtless the party aggrieved may procure the judgment to be quashed on *certiorari*.

But the power of the court to punish summarily for contempt, by fine and imprisonment, is one thing, and its power to strike an attorney from the roll is another and distinct thing, though the misconduct for which an attorney may be disbarred, may in some instances involve a contempt of court. (*State vs. Start*, 7 *Iowa* 501.) If an attorney is guilty of contempt of court, he, like any other person, is subject to punishment by fine and imprisonment, and must abide the consequences without the right of appeal or writ of error. But where an attorney is stricken from the roll, and thereby cut off from practicing his profession, he is deprived of the exercise of a franchise upon which he depends, in most instances, for maintenance, and for reputation—and has he no right to a review of the judgment by an appellate court, however erroneous?

From judgments of the Circuit Court involving money demands, however small, or claims to property, however limited in value, as well as from judgments involving life, liberty or reputation, our laws secure to the party deeming himself aggrieved the right to appeal, or prosecute a writ of error. Surely a judgment striking an attorney from the roll, is fraught with consequences of more magnitude to him than the consequences which flow from many of the judgments which are subject to be reviewed by writ of error, etc.

Such being the case, we are loth to give a construction to the statutes allowing writs of error and appeals, which will exclude the one or the other remedy to an attorney who deems himself aggrieved by the judgment of the Circuit Court depriving him of an important franchise, unless there be something in the nature of such a judgment, or some considerations of public policy, as in judgments for *contempts*, which render such a construction of the statutes necessary and proper. *Digest ch.* 134, *sec.* 1; *ib. ch.* 133, *sec.* 141.

In the case of *Ex parte Secombe*, 19 *How. U. S. Rep.* 13, which was an application for a mandamus to compel the Supreme Court of the Territory of Minnesota to vacate an order striking an attorney from the roll, Chief Justice TANEY said: "It is not necessary to decide whether this decision of the Territorial court can be reviewed here in any other form of proceeding. But the court are of the opinion that the attorney is not entitled to a remedy by mandamus. Undoubtedly the judgment of an inferior court may be reversed in a superior one which possesses appellate power over it, and a mandate be issued commanding it to carry into execution the judgment of the appellate tribunal. But it cannot be reviewed and reversed in this form of proceeding, however erroneous it may be, or supposed to be. And we are not aware of any case where a mandamus has issued to an inferior tribunal, commanding it to reverse or annull its decision, where the decision was in its nature a judicial act, and within the scope of its jurisdiction and discretion."

In the case of *Smith vs. The State of Tennessee*, 1 *Yerger* 228,

the judgment of a circuit judge striking an attorney from the roll, on the charge of accepting a challenge to fight a duel, and killing his antagonist, was ably reviewed by the Supreme Court, on writ of error, and affirmed.

So the Supreme Court of Iowa, in *Perry vs. The State*, 3 *Green* 550, reversed an order of a District Court, on appeal, disbarring an attorney.

So there are cases where such judgments have been reviewed by appellate tribunals, on questions reserved and certified to them as novel and difficult, by the inferior courts in which the proceedings to disbar were had. See *Bryant's Case*, 4 *Foster* 147; *State vs. Chapman*, 11 *Ohio* 430.

*Section 25 of chap.* 19 *Gould's Digest*, which regulates the admission of attorneys, and prescribes the mode of preferring charges against them and striking them from the roll, in the Circuit Courts, expressly declares that: "In all cases of a trial of charges, the accused may except to any decision of the court, and may prosecute an appeal to the Supreme Court, or writ of error, in all respects as in actions at law."

In some of the cases provided for by the statute, the accused is allowed a trial by jury, if he require it, to inquire into the truth of the charges made against him; in others, the court is authorized to act upon evidence produced to it; and there may be cases for which the court has the inherent power to strike an attorney from the roll, which are not embraced in the statute; but we know of no satisfactory reason why an attorney, who is stricken from the roll, for any cause, may not prosecute an appeal or writ of error for the purpose of testing the legality or regularity of the proceedings and judgment against him.

The appeal or writ of error is not denied in cases of *contempt* for the reason alone that the judgment of the court is discretionary, for there are many cases in which the judgments of inferior courts in matters of discretion have been reviewed in appellate tribunals because of palpable abuse of such discretion; but an appeal or writ of error is disallowed in cases of contempt for the additional reasons indicated above, and as

well expressed in *Cossart vs. The State*, and which do not apply to judgments disbarring attorneys.

It is not to be understood, however, that the appellate court, on an appeal or writ of error to a judgment disbarring an attorney, would interfere with the sound legal discretion vested in the Circuit Court in such matters; but that it would only inquire into the legality and regularity of the proceeding, and see that there was no palpable abuse of such discretion.

As well remarked by Chief Justice MARSHALL, in *Ex parte Burr*, 9 *Wheat.* 530: "On one hand, the profession of an attorney is of great importance to an individual, and the prosperity of his whole life may depend on its exercise. The right to exercise it ought not to be lightly or capriciously taken from him. On the other, it is extremely desirable that the respectability of the bar should be maintained, and that its harmony with the bench should be preserved. For these objects, some controlling power, some discretion, ought to reside in the court. This discretion ought to be exercised with great moderation and judgment; but it must be exercised; and no other tribunal can decide, in a case of removal from the bar, with the same means of information as the court itself. If there be a revising tribunal, which possesses controlling authority, that tribunal will always feel the delicacy of interposing its authority, and would do so only in a plain case."

In the case of *Neel vs. The State*, 4 *Eng.* 259, no attention appears to have been paid to a distinction between a proceeding to punish for contempt by fine and imprisonment, and a proceeding to disbar an attorney for misconduct. On a charge of constructive contempt Neel was stricken from the roll for the period of six months, and this court, on writ of error, reversed the judgment, on the ground that the charge was not sustained.

The motion to quash the writ of error in this case is overruled, and we will proceed to dispose of the case on its merits.

The plaintiff in error complains that he was condemned and stricken from the roll without notice or opportunity of being heard.

The statute prescribing the mode of proceeding to strike an attorney from the roll, (*Gould's Dig. chap.* 19, *sec.* 12 to 28,) requires charges to be exhibited against him verified by affidavit, in the county where the offence is committed, or the accused resides.   *Secs.* 13, 23.

It is made the duty of the court in which the charges are exhibited, to fix a time for hearing, allowing a reasonable time to notify the accused.

The clerk of the court is required to issue a citation to the attorney to appear and answer the charges, a copy of which must be attached to the procees.   *Sec.* 15.

If the attorney fails to appear after service of the notice, his appearance may be compelled by attachment, or the court may proceed *ex parte*.   *Secs.* 16, 17.

If the charges allege a conviction of the attorney of an indictable offence the court may strike him from the roll, on production of the record of conviction, without further trial.   *Sec.* 18.

If the charges allege that the attorney has been guilty of an indictable offence, the court may suspend the proceeding until the attorney is tried for the offence, and then act upon the record of his conviction or acquittal.   *Secs.* 19, 20, 21.

If the matter charged against the attorney is not indictable, he may require a jury to inquire into the truth of the charges. *Sec.* 22.   The province of the jury in such case would be simply to inquire and find whether the charges were true or unfounded, and the court would pronounce judgment upon the finding. *Sec.* 23.

It is manifest from the record in the case before us, that the charges were not exhibited against the plaintiff in error in the mode prescribed by the statute, that the court pronounced judgment summarily, on motion of an attorney representing the members of the bar, and that no citation was issued to the accused, or opportunity afforded him to be heard.

It is insisted, however, that the offence for which the plaintiff was disbarred, is not embraced in the statute, and that therefore the court was not bound to proceed in the mode prescribed

by the statute, but had the right, in the exercise of its inherent power, to strike the plaintiff from the roll in the mode adopted.

The statute provides that : " Any attorney who shall be guilty of any felony or infamous crime, or improperly retaining his client's money, or of any mal-practice, deceit, or misdemeanor in his professional capacity, or shall be an habitual drunkard, or shall be guilty of any ungentlemanly conduct in the practice of his profession, may be removed or suspended from practice, upon charges exhibited against him, and proceedings thereon had as hereinafter provided." *Gould's Digest, chap.* 19, *sec.* 12.

It will be observed that there are two classes of offences embraced in the statute for which an attorney may be disbarred under its provisions: one class relating to his conduct as a citizen, a man, and member of society; and the other class relating to his professional conduct.

The first class embraces the commission of any *felony*, any *infamous crime*, and *habitual drunkenness.*

The second class embraces the improperly *retaining the client's money, and mal-practice, deceit or misdemeanor in his professional capacity, and any ungentlemanly conduct in the pactice of his profession.*

Whether the personal attack made by the plaintiff upon the circuit judge, as recited in the judgment entry, was of a character to make it a *felony* or *infamous crime*, we do not know from the record; nor can we say that it falls within the class of professional misdemeanors, or ungentlemanly conduct in the *practice of his profession*, within the meaning of the statute.

Conceding that it does not appear that the offence is embraced by the statute, yet if the plaintiff made a personal attack upon the judge on account of his action as such, as stated in the judgment entry, there can be no doubt that he deserved to be stricken from the roll for such flagrant misconduct, and that the Circuit Court has the inherent power to disbar him therefor, though the offence be not embraced in the statute.

It is well settled that the court, which grants a license to an

attorney, has the inherent power to revoke the license, and strike him from the roll, where he is guilty of such criminal, or grossly immoral, or unprofessional conduct as to render him unworthy and unfit to be a member of the profession. *State vs. Holding*, 1 *McCord*, 380; *Ex parte Brownsal, Cowper* 827; 2 *Petersdorf Abr. tit. Attorney; Croke Car.* 74; *Bryant's Case* 4 *Foster* 140; *Smith vs. State*, 1 *Yerg.* 228; 1 *Bacon, tit. Attorney*; 1 *Munf.* 481.

And it has been held that where a statute enumerates certain offences for which an attorney may be disbarred, it does not exclude the power of the court to strike them from the roll for other sufficient causes not embraced in the statute. *Ohio vs. Chapman*, 11 *Ohio* 430; *In the matter of Miles, an attorney*, 1 *Michigan* 392; *Ex parte Secomb*, 19 *How. U. S.* 13; 1 *How. Miss.* 303.

But whether the court proceed under the statute, or in the exercise of its inherent power for offences not embraced in the statute, the attorney is entitled to notice, and an opportunity to be heard in defence. The practice in the English and American courts is for the court to issue a rule upon the attorney, reciting the substance of the information or charges against him, and requiring him to show cause why he should not be stricken from the roll. See 2 *Petersdorf Ab.* 607, *etc.*; 1 *Tidd. Prac*, 88; *State vs. Holding*, 1 *McCord* 237; 3 *Paige* 510; 1 *Yerger* 228; *Ex parte Brown* 1 *How. Miss* 303; 4 *Foster* 149; 11 *Ohio* 430. In *Ex parte Burr*, 9 *Wheat.* 529, Chief Justice MARSHALL said the charges should be verified by affidavit.

If the attorney who represented the bar meeting, and made the motion to strike Mr. Beene from the roll, had reduced the charges stated in the motion to writing, and the court had issued a rule upon him to show cause why he should not be disbarred, and thereby afforded him an opportunity to be heard, the proceedings would have been in accordance with the usual practice as indicated in the reported cases.

The judgment must be reversed, and the cause remanded for further proceedings.