## COBB v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. September 13, 1909.)

### No. 1,702.

**1. ATTORNEY AND CLIENT (§ 52*)—SUSPENSION OF ATTORNEY—INFORMATION.**

Where an information against an attorney alleged that he inspired the publication of an article in a newspaper which was willfully and maliciously false, and procured its publication with intent to bring into contempt and disgrace the federal District Court for the District of Alaska, in violation of his duty as an attorney and officer of the court, and prayed that he show cause why he should not be punished according to law, the court properly treated the information as one for suspension or disbarment for misconduct which is made a ground therefor by Pol. Code Alaska, § 743, and not for contempt of court.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 69, 70; Dec. Dig. § 52.*]

**2. ATTORNEY AND CLIENT (§ 57*) — SUSPENSION OF ATTORNEY — REFERENCE OF CAUSE—REVIEW—ESTOPPEL TO OBJECT.**

Where an attorney against whom proceedings had been instituted was present when the court ruled that the proceeding was for suspension or disbarment, and not for contempt, and thereafter applied to have the cause referred to three disinterested attorneys for hearing and determination as provided by Pol. Code Alaska, § 750, relating to disbarment proceedings, he thereby assented to the ruling.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 81; Dec. Dig. § 57.*]

**3. ATTORNEY AND CLIENT (§ 54*) — SUSPENSION OF ATTORNEY — PROCEEDINGS—REFERENCE—STATUTES.**

Pol. Code Alaska, § 750, providing for reference to three disinterested attorneys of proceedings for disbarment and suspension of an attorney for misconduct, is confined to cases where the accusation is made on the knowledge of the court or the judge thereof, and is inapplicable to proceedings instituted on the information of a third person as authorized by section 744.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 73; Dec. Dig. § 54.*]

**4. ATTORNEY AND CLIENT (§ 53*) — SUSPENSION OF ATTORNEY—PROCEEDINGS—JUDGMENT ON PLEADINGS.**

An information charged defendant, an attorney, with willfully and maliciously causing the publication of a false article attacking the court. Defendant admitted that he wrote the communication and sent it to the publisher, but denied that he did so willfully or maliciously, or that the article was willfully or maliciously or otherwise false or untrue, or that he intended to scandalize or disgrace the court. After defendant's motion to refer the cause had been denied, defendant and his counsel refused to proceed further. *Held*, that the burden was on defendant to prove that the communication, which was scandalous on its face, was not willfully or maliciously published, or that the contents thereof were not false, and hence, on his failure to do so, the court properly rendered judgment against him on the pleadings.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 74; Dec. Dig. § 53.*]

**5. ATTORNEY AND CLIENT (§ 43*)—SUSPENSION OF ATTORNEY—"MISCONDUCT."**

Misconduct of attorney as used in Pol. Code Alaska, § 743, authorizing suspension or disbarment therefor, is not confined to misconduct in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

172 F.—41

attorney's relation to his client, but includes as well misconduct toward the court or a judge in or out of court.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 60; Dec. Dig. § 43.*

For other definitions, see Words and Phrases, vol. 5, pp. 4531, 4532, vol. 8, p. 7722.]

6. ATTORNEY AND CLIENT (§ 43*)—SUSPENSION—MISCONDUCT.

While a lawyer may criticize in a legitimate manner the conduct and rulings of judges, an attorney's deliberate publication of a false accusation against a judge in a newspaper of general circulation, accusing a judge of being under the sinister influence of a gang which had paralyzed him for two years, and of having made a public promise to give a square deal which he had not kept, was misconduct justifying suspension in the absence of proof sustaining the statement as made.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 60; Dec. Dig. § 43.*]

In Error to the District Court of the United States for Division No. 1 of the District of Alaska.

Proceeding by the United States against J. H. Cobb for disbarment. From an order suspending defendant for 18 months, he brings error. Affirmed.

The district attorney of Alaska, Division No. 1, filed an information against the plaintiff in error, alleging that while the latter was an attorney at law and a member of the bar of the District Court for the District of Alaska, and engaged in the active practice of his profession therein, he did on September 3d willfully, wrongfully, and maliciously publish and cause to be published at Juneau, in a newspaper of general circulation there published, the following article: "Communicated. Editor of the Despatch: I am informed that the Record on yesterday, among other things charged the firm of which I am a member, with having written or dictated a notice of the decision in the disbarment case. This is not true and I wish you to so state. I do not care to discuss the case at all at this time since the whole matter will in the near future be made the subject of a thorough investigation in other disbarment proceedings. Of course, I realize that if there had been the slightest grounds shown for my disbarment, I would certainly have been disbarred. As no such grounds were shown the best the Court could do for the gang whose sinister influence has paralyzed the Judge for the past two years, was to seek an excuse to save their faces and the costs. If he had kept the 'square deal' promise he made to the public in 1905, there would have been some disbarments in Juneau before this, but mine would not have been one of them. Under the shameful conditions from which Southeastern Alaska is suffering so much, I suppose I should be thankful, and continue to wait." The information alleged that the said article was willfully and maliciously false and untrue, and was published with the intent to scandalize and bring into contempt and disgrace the said court by the plaintiff in error, "contrary to and in violation of his duty and obligation as an attorney and officer of said court"; that the publication was willful misconduct upon the part of the plaintiff in error in his profession of attorney at law, and as a member of the bar of the court, and the same constituted contempt of the court. The prayer was that the plaintiff in error be cited to appear before the bar of the court, and show cause why he should not be punished according to law for said misconduct. Upon the filing of the information an order to show cause was issued and served upon the plaintiff in error directing him to appear and answer the allegations of the information, and show cause why he should not be punished for said misconduct as provided by law. He appeared in person, and filed an answer to the order to show cause, in which he challenged the jurisdiction of the court, and raised the objection that the facts alleged in the information did not constitute as a matter of law contempt of court or any violation of personal or professional duty. The objections were overruled. The plaintiff in error then

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appeared by his attorneys, and filed an answer to the information, and filed also a motion that the cause be referred to three disinterested attorneys of the Alaskan bar for hearing and determination under the provisions of the statutes of Alaska. The motion was denied. Thereupon the plaintiff in error by his attorneys filed a written motion to dismiss the proceedings on the ground that the information did not state facts sufficient to invoke the jurisdiction of the court. That motion was also denied. The plaintiff in error then declining to proceed further with his defense, the district attorney moved the court for judgment on the pleadings. The motion was taken under advisement, and on December 19, 1908, was allowed. Judgment was rendered suspending the plaintiff in error as an attorney of said court for the period of eighteen months, but postponing the entry of the decree until February 1, 1909, in order that the plaintiff in error might make proper arrangements, as he might be advised, in respect to litigation pending in the court.

Winn & Burton and W. C. Sharpstein, for the plaintiff in error.
John J. Boyce, U. S. Atty., and Alfred P. Black, Asst. U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). It is assigned as error that a judgment of suspension was rendered upon a proceeding which was instituted for contempt. It is true that the information which was filed against the plaintiff in error contains the allegation that his conduct was contempt of court, but it contains a full statement of the facts of the case, and asks for a judgment appropriate thereto. The court below, properly we think, regarded the proceeding, not as one for contempt, but as one for suspension or disbarment for misconduct, which is made a ground therefor by Pol. Code Alaska, § 743, which provides that an attorney may be removed or suspended, among other causes, "for being guilty of any willful deceit or misconduct in his profession." Although the information did not in express terms demand a judgment of suspension or disbarment, the plaintiff in error was present when the court ruled that such was the nature and purpose of the proceeding, and thereafter he had ample opportunity to make his defense. He assented to the ruling that it was a proceeding for disbarment or suspension by moving that the cause be referred under section 750. Said the court in Randall v. Brigham, 7 Wall. 523–540, 19 L. Ed. 285:

"It is not necessary that proceedings against attorneys for malpractice or any unprofessional conduct should be founded upon formal allegations against them. * * * All that is requisite to their validity is that, when not taken for matters occurring in open court in the presence of the judges, notice should be given to the attorney of the charges made, and opportunity afforded him for explanation and defense. The manner in which the proceeding shall be conducted, so that it be without oppression or unfairness, is a matter of judicial regulation."

It is assigned as error that the court below overruled the motion of plaintiff in error to refer the case to three disinterested members of the bar under the provision of section 750 of the Alaskan Code. That provision is expressly confined to a case where the accusation is made upon the knowledge of the court or the judges thereof. In such a case the accused may controvert the accusation, and thereupon the issues of fact must by the court be referred to at least three disinterested members of the bar, who shall report their findings of fact

upon the issues, and the judgment of the court shall be entered accordingly. The present proceeding is instituted under section 744, which provides that the proceeding to remove an attorney shall be taken by the court "of its own motion for matters within its knowledge, or that of any of the judges thereof; otherwise it may be taken upon the information of another." This proceeding was taken upon the information of another.

The only question requiring any extended discussion is that which is presented upon the assignment of error that the court rendered judgment upon the pleadings. The plaintiff in error admitted in his answer that he wrote the communication and sent the same to the publisher, but he denied that he did so willfully or maliciously, or that the article was willfully or maliciously or otherwise false or untrue, or that he had any intent to scandalize or traduce or disgrace the court. Upon the issue so raised, the plaintiff in error might, had he so chosen, have adduced testimony to sustain his denials, but upon the refusal of the court to refer the case to a committee of three members of the bar the plaintiff in error by his counsel announced in open court that he would not further appear in the case, or have anything further to do with the same. The burden was upon him to show that statements made in the communication which were scandalous upon their face were not maliciously or willfully published, or were not false, and he cannot complain that upon his refusal to sustain such burden of proof, or to adduce any testimony whatever, the court took the information to be true. But it is contended that the "misconduct" of an attorney referred to in section 743 is misconduct in his relation to his client only, and not misconduct in his relation to the court. We find no ground for placing so narrow a construction of the statute. An attorney owes a duty to the court not less important than his duty to his client, and misconduct toward the judge, whether in or out of court, is not less reprehensible than misconduct toward the client. But if, indeed, the offense with which the plaintiff in error is charged is not among those enumerated in the statute, the court is not by such enumeration deprived of its inherent power to suspend or disbar an attorney for such unprofessional conduct as renders him unworthy to be a member of the bar. Ex parte Secombe, 19 How. 13, 15 L. Ed. 565; Beene v. State, 22 Ark. 149; State v. Chapman, 11 Ohio, 431. In Ex parte Cole, 1 McCreary, 405, Fed. Cas. No. 2,973, Mr. Justice Miller said:

"In the case of an attorney of the court he may be removed from his office of attorney absolutely, or for a limited period of time, or, in the common phrase, may be suspended or disbarred for any matter or thing proved against him which shows that he is unfit to practice in the courts as one of its officers."

In Ex parte Steinman and Hensel, 95 Pa. 220, 40 Am. Rep. 637, Mr. Justice Sharswood said:

"No question can be made of the power of the court to strike a member of the bar from the roll for official misconduct in or out of court."

A published communication reflecting upon the character or integrity of the judge of the court is conduct unbecoming an attorney for which he may be summarily disbarred. This general rule is well

established. "It is the duty of an attorney, not merely to observe the rules of courteous demeanor in open court, but also to abstain out of court from all insulting language and offensive conduct toward the judges personally for their judicial acts. For a breach of this duty the attorney may be suspended or disbarred." 4 Cyc. 908; Beene v. State, 22 Ark. 149; In re Mains, 121 Mich. 603, 80 N. W. 714; Matter of Philbrook, 105 Cal. 471, 38 Pac. 511, 884, 45 Am. St. Rep. 59; People v. Brown, 17 Colo. 431, 30 Pac. 338; People v. Green, 7 Colo. 244, 3 Pac. 374, 49 Am. Rep. 351; Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646; Ex parte Secombe, 19 How. 13, 15 L. Ed. 565. The right of lawyers and others to criticize in a legitimate manner the conduct and rulings of judges is not to be questioned, but the right is transcended, when, as in this case, a judicial officer is subjected to scandalous and libelous charges and indignities. The deliberate publication of the accusation against the judge in a newspaper of general circulation gave it a gravity which a verbal criticism would not have possessed. The disclaimer of malice is of no avail when the contrary appears upon a fair interpretation of the language which was used. The communication was false, scandalous, and libelous, and tended to degrade and insult the judge, and to impair the respect and authority of the court and bring it into disrepute, and destroy its efficiency in the administration of justice. Conceding the rule to be, as it has been stated in some of the authorities, that an attorney is answerable only for conduct calculated to influence and affect the judge judicially in the discharge of his official duties, it is obvious that the communication which was published here was of that character. Its evident tendency was to annoy and embarrass the judge in the discharge of his duties. It refers specifically to other disbarment proceedings that are to be under investigation in the near future. It accuses the judge of being under the sinister influence of a gang which has paralyzed him for two years, and of having made a public promise to give a square deal, which he had not kept; in other words, it accuses him of having dealt unfairly with litigants in his court, and the inference is plainly suggested that he will continue so to do in the future. These are charges which no attorney with a proper sense of his professional duty would make unless he were prepared to prove and sustain them. He must know that the publication and circulation of false and libelous charges against judges tends to deter from accepting the judicial office all save those who are insensible to abuse and insult, and to undermine confidence in the integrity of the courts on which rest respect for and obedience to the law itself.

The judgment is affirmed.