BARNES v. LYONS, Judge.†

(Circuit Court of Appeals, Ninth Circuit.   May 22, 1911.)

No. 1,964.

**1.** ATTORNEY AND CLIENT (§§ 48, 52*)—PROCEEDINGS FOR DISBARMENT—RIGHT
TO NOTICE AND HEARING.

Before an attorney at law is removed from his office by a court, wheth-
er under a statute or in the exercise of its inherent powers, he is entitled
to have specific charges made against him and to notice and an oppor-
tunity to be heard in defense; the usual practice being to issue a rule
upon him to show cause stating the substance of the charges.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 64–
68, 69, 70; Dec. Dig. §§ 48, 52.*]

**2.** MANDAMUS (§ 28*)—NATURE AND SCOPE OF REMEDY—REVIEW OF JUDICIAL
ACTS.

The writ of mandamus is never employed in the federal courts to re-
vise or amend the decision of an inferior court where such decision pro-
ceeds from a judicial act, and is within the scope of its jurisdiction and
discretion.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 64; Dec. Dig.
§ 28.*]

**3.** MANDAMUS (§ 60*)—NATURE AND SCOPE OF REMEDY—REINSTATEMENT OF AT-
TORNEY.

Relator, who was a practicing attorney in Alaska, was convicted of a
criminal offense involving moral turpitude which under Code Civ. Proc.
Alaska, §§ 743–750, was ground for his disbarment, and the record of
conviction was made conclusive evidence upon which the disbarment must
follow. At the time of pronouncing judgment and while relator was be-
fore the court, the judge also entered an order removing him from the
bar and striking his name from the roll of attorneys. *Held*, that while
the proceeding was irregular, in that a rule to show cause was not en-
tered and served on relator, the court did not exceed its jurisdiction, and
relator would not be reinstated by the Circuit Court of Appeals by a writ
of mandamus.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 60.*]

Petition for a Writ of Mandamus to the District Court of the United
States for the District of Alaska, Division No. 1.

Petition by E. M. Barnes for a writ of mandamus to Thomas B.
Lyons, Judge of the District Court in and for the District of Alaska,
Division No. 1.   Petition denied.

E. M. Barnes, pro se.

John Rustgard, U. S. Atty., for respondent.

Before MORROW, Circuit Judge, and HANFORD and WOL-
VERTON, District Judges.

WOLVERTON, District Judge.   E. M. Barnes, by petition filed in
this court, prays a peremptory mandamus directing and requiring Hon.
Thomas R. Lyons, judge of the District Court in and for the District
of Alaska, to permit petitioner to practice as an attorney in said court.
An order to show cause was issued, and the case is now presented up-
on the petition and the return of Judge Lyons.

It appears that petitioner was prior to March 21, 1910, an attorney

at law, duly licensed to practice in all of the courts of the District of Alaska; that on that date Hon. Edward E. Cushman, sitting and acting as judge, caused to be entered in said court the following order:

"Now on this day it appearing to the court that E. M. Barnes, an attorney and officer of this court, has been heretofore by a jury found guilty of a felony, to wit, of the crime of mailing an obscene, lewd, and lascivious letter, and this day by this court sentenced therefor to be confined in the federal jail at Juneau, Alaska, for a period of six (6) months and to pay a fine to the United States of four hundred ($400) dollars, wherefore, it is ordered by the court that the said E. M. Barnes be and he is hereby removed from the bar of attorneys of this court and his name stricken from the roll."

That no charges or accusation had been previously or at all preferred in writing or otherwise against petitioner or served, nor had petitioner any notice thereof, nor was he heard or given the opportunity to be heard in his defense, but solely on account of such order the respondent refuses to allow or permit the petitioner to practice as an attorney in said court.

The return of respondent shows that while the Hon. Edward E. Cushman was judge of the said District Court of Alaska the petitioner was indicted, tried, and convicted of the offense of mailing an obscene, lewd, and lascivious letter, in violation of section 211 of the Criminal Code of the United States (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1909, p. 1453]), and on March 21, 1910, was duly adjudged guilty thereof and sentenced to imprisonment for a period of six months at hard labor and to pay a fine of $400, and "that immediately after the pronouncement of said judgment and sentence against said petitioner by said judge, and before petitioner had resumed his seat, in open court, said judge made an order removing the petitioner from the bar of attorneys of said court and striking his name from the roll thereof, which order is of record and among the files of said court, and in no way has been modified or changed." Otherwise respondent admits that his refusal to permit petitioner to practice in said court is by reason of his having been convicted of a felony and of having been disbarred from practice by his, respondent's, predecessor in office by virtue of said order.

[1] Petitioner insists that he should be reinstated, for the reason that no charges or accusation were preferred against him in the court wherein he was disbarred, nor was he notified thereof or given a chance to be heard in his own defense, and that this proceeding is sufficient for the purpose. Under the statute of Alaska, an attorney may be removed or suspended by the District Court upon his being convicted of any felony or of a misdemeanor involving moral turpitude, and in either of which cases the record of his conviction is made conclusive evidence. It is further provided that the proceeding to remove shall be taken by the court of its own motion for matters within its knowledge or that of any of the judges thereof; otherwise it may be taken by information of another. If the proceeding be upon the motion of the court or judges thereof for matters within its knowledge, the accusation shall be made by an order of the court reciting the facts charged. Further, after the accusation has been made or received, the court shall forthwith make an order requiring the accused to ap-

pear and answer the accusation at a specified time in the same or a subsequent term, and cause a copy of the order and of the accusation to be served upon the accused within a prescribed time before the day appointed in the order to appear and answer. Further provisions are made for appearance and a formulation of the issues. When an accusation is made upon the knowledge of the court or the judges thereof, the facts shall be set forth as in other cases, and the accused may controvert the accusation; whereupon the issues of facts shall be by the court referred to at least three disinterested members of the bar, who shall report their findings of fact to the court and the judgment of the court shall be entered according to such findings. Sections 743–750, Alaska Codes.

This procedure is not materially different from the practice prior to the Codes. "The practice in the English and American courts," says Mr. Weeks in his work on Attorneys at Law, § 83, "is for the court to issue a rule upon the attorney, reciting the substance of the information or charges against him, and requiring him to show cause why he should not be stricken from the roll. The attorney must have notice and full opportunity to be heard in his defense. It is error to strike an attorney from the rolls on a mere motion without giving him notice of the proceeding. And this is true, whether the court proceed under a statute, or in the exercise of its inherent powers. Specific and pertinent charges must be made and judgment entered on the process, otherwise he cannot be suspended or removed."

And it is said in Beene v. State, 22 Ark. 149, 157:

"But whether the court proceed under the statute, or in the exercise of its inherent power for offenses not embraced in the statute, the attorney is entitled to notice, and an opportunity to be heard in defense. The practice in the English and American courts is for the court to issue a rule upon the attorney, reciting the substance of the information or charges against him, and requiring him to show cause why he should not be stricken from the roll"— citing several authorities.

See, also, Ex parte Robinson, 19 Wall. 505, 512, 22 L. Ed. 205.

The orderly method then is to prefer an accusation, cite the party to appear or show cause, and afford reasonable opportunity to be heard in his defense before the entry of order of removal is made. The question presented here is whether, notwithstanding the irregularity of entry of the order of disbarment, the petitioner is entitled to be reinstated through this proceeding by writ of mandamus.

[2] While it may be that mandamus to an inferior court of the United States is in the nature of appellate jurisdiction (Ex parte Crane, 5 Pet. 190, 8 L. Ed. 92), yet it is never employed to revise or annul the decision of an inferior court where such decision proceeds from a judicial act and is within the scope of its jurisdiction and discretion. An inferior court "cannot be reviewed and reversed in this form of proceeding, however erroneous it may be or supposed to be." Ex parte Secombe, 19 How. 9, 15 L. Ed. 565. In such a proceeding, "the court," says Mr. Chief Justice Marshall in Ex parte Burr, 9 Wheat. 529, 530, 6 L. Ed. 152, "is not inclined to interpose unless it were in a case where the conduct of the Circuit or District Court was

irregular, or was flagrantly improper." In Ex parte Bradley, 7 Wall. 364, 377, 19 L. Ed. 214, the court says:

"For we agree that this writ does not lie to control the judicial discretion of the judge or court; and hence, where the act complained of rested in the exercise of this discretion, the remedy fails."

Mandamus was sustained, however, the court concluding in the following language:

"But the proceeding is admitted to be the recognized remedy when the case is outside of the exercise of this discretion, and is one of irregularity, or against law, or of flagrant injustice, or without jurisdiction."

In this case the judgment of disbarment was made in a different court from that in which the contempt was committed; the contempt constituting the basis of the proceeding. The principle involved came up subsequently in a different form in a case wherein Bradley sued Fisher, the judge who disbarred him, to recover damages, and it was held, among other things, that, while the court erred in not citing Bradley to show cause and thus affording him opportunity for explanation or defense or apology before making the order striking him from the roll, yet that the act was judicial in character, and was not affected by the erroneous manner in which its jurisdiction was exercised, and hence the judge was not rendered liable to Bradley for entering the order. So it was said in Ex parte Steinman and Hensel, 95 Pa. 220, 237, 40 Am. Rep. 637:

"We entertain no doubt that a court has jurisdiction without any formal complaint or petition upon its own motion to strike the name of an attorney from the roll in a proper case, provided he has had reasonable notice and been afforded an opportunity to be heard in his own defense."

And it was held in Randall v. Brigham, 7 Wall. 523, 540, 19 L. Ed. 285, that "the informality of the notice, or of the complaint by the letter, did not touch the question of jurisdiction"; and, further, that:

"All that is requisite to their validity (the proceedings to disbar) is that, when not taken for matters occurring in open court, in the presence of the judges, notice should be given to the attorney of the charges made and opportunity afforded him for explanation and defense. The manner in which the proceeding shall be conducted, so that it be without oppression or unfairness, is a matter of judicial regulation."

The principle was applied in Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552, where the attorney objected that there was no charge against him under oath. In Ex parte Robinson, supra, it was held that mandamus was the proper remedy to restore an attorney where the inferior court had not given opportunity to be heard; it being held that it thus exceeded its jurisdiction.

[3] The principle applicable here, tersely stated, is mandamus will lie to require an inferior court to restore an attorney as a practitioner when the court has exceeded its jurisdiction in striking his name from the roll, but that the manner in which jurisdiction is exercised—that is to say, the method of practice by which the court's discretion or judicial function is invoked—is not jurisdictional. For errors of the court committed in the acquirement of jurisdiction, so that it acts judicially or in the exercise of a sound discretion in determining as to

the sufficiency of the mode of procedure, its judgment will not be disturbed on writ of mandamus. Such was the holding in Ex parte Secombe, supra. "In this case," says the court, "it appears that the offenses charged were committed in open court, and the proceedings to remove the relator were taken by the court upon its own motion. And it appears by his affidavit that he had no notice that the court intended to proceed against him, had no opportunity of being heard in his defense, and did not know that he was dismissed from the bar until the term was closed, and the court had adjourned to the next term. Now, in proceeding to remove the relator, the court was necessarily called on to decide whether, in a case where the offense was committed in open court, and the proceeding was had by the court on its own motion, the statute of Minnesota required that notice should be given to the party, and an opportunity afforded him to be heard in his defense. The court, it seems, were of the opinion that no notice was necessary, and proceeded without it; and, whether this decision was erroneous or not, yet it was made in the exercise of judicial authority, where the subject-matter was within their jurisdiction, and it cannot therefore be revised and annulled in this form of proceeding."

Of course, the conduct of the court will not be excused when it is irregular—that is, in derogation of right, or is flagrantly improper—and in such a case mandamus will lie to compel it to do justice. Ex parte Burr, supra. But no such contingency arises in the case at bar. Now, it appears from the return of the judge of the district court that at the time of pronouncing sentence upon the petitioner in the case in which he was convicted the court thereupon, and while petitioner was in the presence of the court, made an order removing him from the bar of attorneys and striking his name from the roll. The action of the court in that regard was based upon the judgment of conviction which was, as the court believed, of a felony. At any rate, it was an offense involving moral turpitude, as witness the grossly immoral and debasing character of the letter mailed by the petitioner. The court had conducted the trial and the jury had returned its verdict against the petitioner, so that what happened was in the presence of the court. Taking knowledge of the conviction, the court proceeded at once on pronouncing judgment to disbar the petitioner. While it would have been more regular and in accordance with the statute for the court to have made the accusation by order reciting the facts charged, and thereupon fixed a day for hearing and heard the petitioner in his defense before passing judgment in disbarment, yet in doing as it did it can hardly be said that the court exceeded its jurisdiction. The judgment of the court pronouncing sentence was the equivalent of a charge that he had been convicted of an offense for which he ought to be disbarred, and he was in the presence of the court at the time, and no doubt would have been heard had he so requested. But the judgment is made conclusive evidence upon which his disbarment must follow, and in reality there was no defense that petitioner could interpose to excuse his conviction. It is suggested by counsel that petitioner had a right to show that he would take an appeal, but that was no defense. Indeed, it has been held that such a judgment of conviction is suffi-

cient to warrant suspending an attorney, though such judgment has been superseded by writ of error. In re Kirby, 10 S. D. 322, 414, 73 N. W. 92, 907, 39 L. R. A. 856, 859.

We are of the opinion that the District Court did not exceed its jurisdiction in disbarring petitioner, and that his reinstatement cannot be awarded through this proceeding by mandamus.

Beyond the reasons discussed for denying the writ, it is not clear that the petitioner was without a remedy by writ of error from the original proceeding. Such a writ was prosecuted to this court in Cobb v. United States, 172 Fed. 641, 96 C. C. A. 477. But the point was not made in that case.

The writ of mandamus will be denied and the petition therefor dismissed.