Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 ' A mandamus has been moved for, by David A. Secombe, to be directed to the judges of the Supreme Court of the Territory of Minnesota, commanding them to vacate and set aside an order of the court, passed at January term, 1856, whereby the said Secombe was removed from his office as an attorney and counsellor of that court-.. -
 

 In the case of Tillinghast
 
 v.
 
 Conkling, which came' before this court at' January term, 1829, a similar motion was overruled by this court. The case is not reported; but a brief written opinion remains on the files of the court, in which the court says that the motion is overruled, upon the ground that ‘ it had-not jurisdiction in the case. '
 

 The removal of the attorney and counsellor, in that case, took place in a District Court of the United States, exercising the powers of a Circuit Court.; and, in a court of that character, the relations between the court and the attorneys and coun-sellors who practise in .it, and their respective rights and duties, are regulated by the common law. And it has been well settled, by the rules and practice of common-law courts, that it rests exclusively with the court to.determine who is-qualified to become one of its officers, as an attorney and counsellor, and for what cause he ought to be removed. The poWer, however, is not an arbitrary and despotic one, to be exercised at the pleasure of the court, or,from passion, prejudice, or personal hostility; but it is the duty of the court to exercise and regulate it by a sound and just judicial discretion, whereby the rights and independence of the bar may be as scrupulously guarded and maintained by the - court, as the rights and dignity of the court itself.
 

 _ It has, however, been urged at the bar, that a much broader discretionary power is exercised. in courts acting upon the rules, of the common law than can be- lawfully exercised in the Territorial court of Minnesota; because the Legislature of' the Territory has, by statute, prescribed .the conditions upon which a person may entitle himself to admission as an attor-
 
 *14
 

 nej
 
 and counsellor in its courts, and also enumerated the offences for which he may be removed, and prescribed the ’ mode of proceeding against him. And the relator complains that it appears by the transcript fromsthe record, and the certificate of the clerk, which he filed with his petition for.a mandamus, that in the sentence of removal he is not found guilty of any specific offence which would, under the statute of the Territory, justify his removal, and had no notice of any charge against him, and no opportunity of being heard in his. defence.,
 

 It is true that, in the statutes of Minnesota, rules are prescribed for the admission of attorneys and counsellors, and also for their removal. But it will appear, upon examination, that, in describing some of the offences for- which .they may he removed, the statute has done but little, if anything, more than enact the general rules upon which the courts of common law have always acted; and have not,.in any material degree, narrowed the discretion they exercised. Indeed, it is difficult, if not impossible, to enumerate and define, with legal precision, every offence for which an attorney or counsellor ought to be removed. And the Legislature, for the most part, can only prescribe general rules and principles to be carried' into execution by the court with judicial discretion and jus- ' rice as cases may arise.
 

 The revised code of Minnesota, (ch. 93, sec. 7, subdivision 2,) makes it the duty of the attorney and counsellor “to maintain the respect due to courts of justice and judicial officers.”
 

 The 19th section of the same chapter enumerates certain offences for which an attorney or counsellor may be removed; and, among others, enacts that he may. be x-emoved for a wilful violation of any of the provisions of section 7, above mentioned. And, in its- sentence óf removal, the court say that the rélatoi-, being one of the attorneys and counsellors of the court, had, by his acts as such, in open court, at the term at which.he was removed, been guilty of a wilful violation of the provision above mentioned, and also of a violation of that. Eart of his official oath by wliieh he was sworn to conduct imself with-fidelity to the court.
 

 The statute, it will be observed, does not attempt to specify the acts which shall be deemed' disrespectful to the court or the judicial officers. It must therefoi’e rest with the court to determine what acts amount to. a violation of this pi’ovision; and this is a judicial power vested in the court by the Legislature. The removal of the relator, thei’efore, for the cause above mentioned, was -the act of a court done in the exercise of a judicial discretion which the law authorized and required
 
 *15
 
 it to exercise. • And the other- cause assigned for the removal stands on the same ground. •
 

 It is not necessary to inquire whether this^ decision of,the Territorial court can be,, reviewed -here in any other form of proceeding. But the court are' of. opinion that he is. not' entitled to a remedy by mandamus. Undoubtedly the judgment of an •inferior- court may be reversed in a superior one, which possesses appellate power over-it, and a mandate be issued, commanding it to carry into execution the judgment of the appellate tribunal. , But it cannot be reviewed and reversed in this-icrm of .proceeding,-however erroneous it maybe or supposed to be. , And we. are not aware of any case where a mandamus'has issued, to an'inferior tribunal, commanding .it to'reverse or annul its decision,-where the decision was in its nature a judicial act, and within the'' scope 'of its jurisdiction and discretion. ' '
 

 These principles apply'with equal force to the proceedings adopted by the court in making the. removal. - -
 

 -.The statute of Minnesota, under which the court, acted, directs that ' the proceedings- to remove an attorney or coun-sellor must be taken. by the court, on its' own motion,, for matter within its knowledge;'or may be taken on the information of another. And, in the latter case, it-requires that, the information should be, in writing, and notice be given to the party,' anda day given to him to answer and deny the sufficiency of the accusation, .or deny its truth. .
 

 In this .case, it appears that the offences charged were committed in' open court, ;and the -proceedings to remove the • relator were'taken by the .court upon its own motion. And it appears by his affidavit that.he had no notice that the court . intended to proceed against him; had no opportunity' of being -heard in his-defence, and did not know that he was dismissed from the bar until the term was closed," and the. court-had. adjourned to the next term.
 

 Now,- in proceeding to remove the relator,, the court was necessarily called bn to decide whether, in a cáse where the qfíence .was'committed-in open court, and the proceeding Was had by the court on its own motion, the statute -of Minnesota - required that notice should be given to the party,, and" an opportunity afforded, him to be heard in his defence. ' The court, it seems, were of- opinion that.no notice was necessaiy, and proceeded without, it; and, Whether-this decision Was. erroneous or not, yet it -yas.madetiñ the exercise of judicial authority, where the'subject-matter was within their jurisdiction, and it cannot therefore .be revised and annulled in this form of proceeding.
 

 
 *16
 
 Upon this view of the subject, it would be useless to grant a rule to show cause; for if the Territorial court made a return stating what they had done, in the precise form in which the sentence of dismissal now appears in the papers exhibited by the relator, a peremptory mandamus' could not issue to restore him to the office he has lost. ' ■.
 

 The motion must therefore be overruled.