### SUPREME COURT.

### JERUSHA McCARDEL agt. DELAVAN PECK.

A party will be restrained by injunction from the continued use of a *trade mark* belonging to another, which he has used under an agreement and with the consent of the owner, and for the benefit of both, after the owner shall withdraw his interest from the business, and claim the use of his trade mark exclusively, unless the party claiming to use it shall show clearly by the agreement that the owner intended to and had forever parted with his right to the use of such trade mark.

The court may allow the use of the trade mark to a certain extent in such a case, where apparently it will work no injury or damage to the owner, and would be a serious damage to the other party to restrain its use.

Where an *injunction order* served, is definite and peremptory, the defendant must obey it, or at once procure an alteration or dissolution of it (under § 324 of the Code). If he fails to do either, an attachment for *contempt* will issue against him.

*Albany General Term, March,* 1864.

*Before* PECKHAM, MILLER *and* INGALLS, *Justices.*

APPEAL from order of special term denying motion to dissolve injunction, and directing an attachment to be issued for its violation.

This action was brought by the plaintiff to restrain the defendant from a further and continued use of the name of the "McCardel House," in his business, or in or upon the building wherein the same was conducted, in the city of Albany, or in any other manner whereby the rights of the plaintiff are prejudiced. An injunction was issued on the 23d of July, 1863, by which the defendant was required

to refrain on and after the 23d of August, 1863, from using said name until the further order of the court. The defendant now moves to dissolve said injunction, and the plaintiff moves for an attachment against the defendant for continuing to use said name after the 23d of August, the time specified in the injunction order.

The complaint in this action alleges that the plaintiff's husband had been engaged in carrying on the business of a restaurant, under the name of the "McCardel House." That the plaintiff succeeded to said business with the consent of her said husband, and that the name became popular. That the defendant started a restaurant in Albany, and by signs upon the walls of the building, by advertisement, by letters on dishes, plate and silver ware, called said building the "McCardel House." That the plaintiff was thereby injured, and claims to recover damages, and asks for an injunction restraining the defendant from using said name, &c.

The affidavits upon which the motion to dissolve the injunction in this cause is made, show that certain individuals assisted William P. Hitchcock in procuring means to furnish the restaurant called the "McCardel House," in Broadway, Albany, and that it was opened and has since been continued as the "McCardel House," with the knowledge, consent and agreement of John McCardel, who was employed as an agent or assistant of said Hitchcock until May, 1862, when McCardel left the employment of Hitchcock, who continued the business in the same name until May, 1863, when he sold out to the defendant.

The affidavits of the plaintiff show that the business was started in the name of Hitchcock, who was a brother-in-law of McCardel, for the benefit of McCardel, who was employed as an assistant, and interested in the success of said business, and the building was designated the "McCardel House," and some of the signs theretofore used by McCardel were used in or upon the premises; that neither

McCardel or his wife sold the right to the use of such name, nor the goodwill of the business, nor the signs, nor has McCardel assented at any time to the use of said name except while directly benefitting him or his wife ; that hearing it was contemplated by Hitchcock to sell said premises to the defendant, he called upon the defendant prior to the sale, and informed him that the right to use the name belonged to the plaintiff ; that he also called upon one of the individuals who assisted Hitchcock, who promised him that the use of his name should be discontinued, and that it would be a good time to do it when the defendant took possession of the premises.

The motion to dissolve the injunction was denied, and the motion for attachment granted. The defendant appealed from these orders to the general term.

C. B. COCHRAN, *for defendant and appellant.*
GEO. WOLFORD, *for plaintiff and respondent.*

By the court, MILLER, J. It appears to be conceded that the name of "McCardel House" was used originally at the place of business now occupied by the defendant, by his predecessor, Hitchcock, with the knowledge and consent of John McCardel and of his wife, the plaintiff in this action. The original arrangement with Hitchcock, of whom the defendant purchased, was made for the benefit of John McCardel himself, who was employed as an agent or assistant in the establishment. The terms upon which he was thus engaged do not distinctly appear, but there is sufficient to show that the object of the arrangement was to assist McCardel in business, or rather to furnish him employment. McCardel left the business, and hence so far as he was concerned, he derived no benefit from conducting it in that name afterwards.

The question then arises whether the consent given by John McCardel to the use of his name in connection with

the business was revocable, and actually revoked by Mc-Cardel or his wife. A person may undoubtedly consent to the employment of his name for such a purpose, but if such consent be purely gratuitous, or unless there is some valid agreement binding upon the party who thus gives such consent, it may be withdrawn at the pleasure of such party (*Amoskeag Manufacturing Co.* agt. *Spear*, 2 *Sand. S. C. R.* 615). Whether there was a valid contract in this case so as to deprive the party forever afterwards from the use of his name, must depend very much upon the fact whether the original agreement established any such contract. There was certainly no specific agreement to that effect, and had it been intended to place the matter beyond any question, such a provision would have accomplished that purpose. The only consideration for the arrangement was that McCardel was to be benefited thereby. This has failed by the withdrawal of McCardel from the business, and therefore it cannot be claimed that such a consideration still exists. I incline to think that the consideration having failed, the agreement to use the name was ended, and McCardel had a right to revoke his consent previously given.

The party entering into such an arrangement with another person, should provide against a difficulty of the character now presented. If he chose to accept a mere verbal permission to use a name in his business, without any positive agreement as to time and permanency, and run the risk of the arrangement being broken up by a disagreement, he has no right to complain because such a contingency, which could have been averted and avoided, has arrived. He should have been more careful in guarding against a possible rupture between the parties to the contract. But with whatever force it may be urged in favor of Hitchcock that he acted under a belief that the employment of McCardel's name was to remain permanent, the same argument can scarcely be said to be applicable to the

defendant, who was duly notified by John McCardel that he claimed the exclusive right to use the name. The defendant purchased with full knowledge of McCardel's claim, and therefore has less grounds for complaint if it is enforced.

The use of names and trade marks in business when made valuable has always been protected by the courts, and any improper appropriation of them without the authority of the owner will be restrained by injunction. It has never been held that a mere consent or acquiescence in the use of a name or trade mark conferred an absolute and an irrevocable right which could not be annulled. While it may temporarily transfer and impart a right, it by no means follows that such a right is so fixed and determined that the original owner is forever afterwards debarred from revoking a permission previously given. The extent and character of the privilege thus conferred, must depend very much upon the agreement and the circumstances of the case, and I think *it should be quite clear that a party had parted forever with his right to the use of his name which he had made valuable, before the courts are authorized to hold that such was the intention.* (*See Howard* agt. *Henriques*, 3 *Sanf. S. C. R.* 725, 727; *Peters* agt. *Humphrey*, 4 *Abb.* 394; *Howe* agt. *Searing*, 19 *How.* 14.)

It is urged that large expenditures have been made and incurred, the name having been engraved upon the plate and other articles, so as to render them useless if the injunction order is sustained. As the plaintiff's husband consented to the property being thus marked, and as these articles would necessarily become valueless if the injunction is continued in force as to them, and as the use of them with the name upon them, of itself, would produce no serious injury to the plaintiff's rights, I think the injunction should be modified as to them, and should only be retained so as to prohibit the use of the name " McCardel House " by

McCardel agt. Peck.

the defendant upon his building in Albany, or as a business sign in conducting his establishment.

It is claimed that the wife of John McCardel, cannot, under any circumstances, maintain this action. The complaint alleges that the plaintiff succeeded to her husband's business and to the use of his name, with the consent and agreement of her said husband, and I think this is a sufficient claim to the use of the name as against the defendant, who has no legal right thereto from the husband, so as to enable the plaintiff to maintain the suit.

At the same time when the motion to dissolve the injunction was made, the plaintiff moves for an order that an attachment as for a contempt be issued against the defendant for a violation of the order of injunction. It is admitted that the defendant has not refrained from the use of the name "McCardel House," and that he has continued to use it, but it is said he has moved at the first special term after the time for refraining to use the name was fixed, to dissolve the injunction, and hence he is not in contempt. I think the defendant furnishes no sufficient excuse for violating the injunction order. He could have moved for a modification of the order if too onerous, or it was desirable that the time should be further extended, under section 324 of the Code. He has no right to wait until the expiration of the time fixed, and to continue its violation, and then make his motion. The order is definite and peremptory, and he must be prepared to obey it or procure an alteration of its mandate. The defendant was clearly guilty of a contempt in using the name in violation of the order after the 23d of August, and for that contempt was liable to an attachment.

With the views expressed, the order directing that an attachment issue for a violation of the injunction should be affirmed, with ten dollars costs. And the order denying motion to dissolve the injunction should be modified as before stated, without costs to either party.