The Joseph Laurer Brewing Company, Respondent, v. Daniel W. Ehresman, Appellant.

Third Department, June 18, 1908.

Trade name — use calculated to deceive public — injunction.

The plaintiff, having for five years been engaged in manufacturing and bottling beer known as "Laurer beer," leased the premises where the bottling business was conducted to the defendant and executed a bill of sale of personal property therein used in the business and agreed to sell exclusively to the defendant in that locality the beer known by said name for the purpose of bottling and sale. By the agreement the defendant under the name "Laurer Beer Bottling Company" bottled and sold the beer and continued said business until the expiration of the lease. Neither the lease, contract, nor bill of sale transferred to the defendant a permanent right to use the name.

*Held*, that the defendant was merely licensed to use said name during the continuance of the contract and lease, and that, having ceased to bottle and sell Laurer beer, should be enjoined from using the name "Laurer Beer Bottling Company" as such use was calculated to deceive the public and work injury to the plaintiff;

That it was immaterial that during the lease the bottling business was extended and enlarged, as the reputation and good will so acquired may have resulted from the quality of beer manufactured by the plaintiff;

That the defendant should not be restrained from using the property transferred by plaintiff under the bill of sale, but merely from doing business under the name of the "Laurer Beer Bottling Company" or from using said name in any manner in connection with the business.

Appeal by the defendant, Daniel W. Ehresman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 3d day of August, 1906, upon the decision of the court, rendered after a trial at the Broome Special Term, granting a permanent injunction.

*A. D. Wales*, for the appellant.

*Thomas J. Keenan*, for the respondent.

Judgment unanimously affirmed, with costs, on opinion of Miller, J., at Special Term; Sewell, J., not sitting.

The following is the opinion delivered at Special Term:

MILLER, J.:

This is an action to restrain the defendant from using the name " Laurer Beer Bottling Company " in connection with the business of bottling and selling lager beer. It appears that the plaintiff from the year 1891 or 1892 to 1897 was engaged in the business of manufacturing lager beer, and that it also conducted a bottling works in which the beer manufactured by it was bottled and sold. This beer was known as " Laurer Beer." In 1897 the plaintiff leased to the defendant the premises in which it was then conducting the bottling business, also executed a bill of sale to the defendant of certain personal property which was used in the bottling business, and entered into a written agreement with the defendant whereby it was agreed that during the term of the lease the plaintiff should sell, in the locality specified in the contract, exclusively to the defendant, the lager beer known as " Laurer Beer," manufactured by it, and that the defendant should purchase exclusively of the plaintiff, for the purpose of bottling and selling said " Laurer Beer." Thereafter the defendant under said agreements engaged in the business of bottling and selling lager beer under the name of " Laurer Beer Bottling Company," which business was continued under said name up to the 1st day of September, 1903, when the lease executed between the plaintiff and defendant terminated. The evidence also establishes the fact that the defendant used the name " Laurer Beer Bottling Company " with the knowledge and consent of the plaintiff up to the time of the termination of the lease and contract aforesaid.

The term " Laurer Beer " is undoubtedly descriptive of the particular lager beer manufactured by the plaintiff, and the use of the name " Laurer Beer Bottling Company " by the defendant must necessarily tend to induce a belief on the part of the public that the beer bottled and sold under that name is the Laurer beer manufactured by the plaintiff. The plaintiff, under its corporate name, " The Joseph Laurer Brewing Company," had manufactured and sold " Laurer " beer for at least five years before the making of the contract and lease with the defendant. It is not claimed by the defendant that any of the beer which he now bottles and sells under the name " Laurer Beer Bottling Company " is " Laurer " beer, and I think there can be no question but that the right to the use of the

name "Laurer beer," as between the plaintiff and the defendant is exclusively the property of the plaintiff, and that its use by the defendant in the manner proved must necessarily tend to deceive the public and work an injury to the plaintiff, and that the plaintiff is entitled to the relief asked for, unless the defendant, under the lease, bill of sale, and agreement executed between the parties in 1897, and by reason of the use of the name with the knowledge and consent of the plaintiff during the continuance of said contract and lease, has acquired a permanent right to the use of the name. There is no express provision in the lease, contract or bill of sale transferring to the defendant the right to use the name, and the consent of the plaintiff to use it in the absence of proof of an agreement giving the defendant the right to such permanent use, must be regarded only as a mere license to use the name for the purposes and during the continuance of said contract and lease, and that upon the termination thereof such license was revocable by the plaintiff. It is said that the defendant has built up a business by the use of the name in question, and that to deprive him of its use now will result in injury to him. He should have protected himself against such injury by an agreement with the plaintiff. The proof shows that the bottling business was extended and enlarged by him during the term of the contract, but it may well be that the reputation and good will established during that time may have rested upon the quality of the beer manufactured by the plaintiff, and that to permit him to continue the use of the same name under circumstances which would lead the public to believe that they were receiving the same beer by means of which that reputation and good will was created would not only injure the plaintiff, but would perpetrate a fraud upon the public. I do not think that the defendant acquired anything more than a mere license to use the name during the term of the contract, and the case is entirely barren of the essentials necessary to establish an estoppel. The cases relied upon by the defendant, in my judgment, establish the reverse of the proposition for which he contends, and such seems to be the entire weight of authority in this State. (*McCardel* v. *Peck*, 28 How. Pr. 120; *Cutter* v. *Gudebrod Brothers Co.*, 44 App. Div. 605; *Société des Huiles d'Olive* v. *Rorke*, 5 id. 175; *Hazard* v. *Caswell*, 93 N. Y. 259; *Caswell* v. *Hazard*, 121 id. 484.)

I think, however, that the defendant cannot be restrained from using the property transferred by the plaintiff to the defendant under the bill of sale, or from using the property purchased· by him for use in the business of bottling during the term of the contract with the plaintiff; but that he should be restrained from doing business under the name of "Laurer Beer Bottling Company," or from using said name in any manner in connection with the bottling and sale of beer, with the single exception that he may be permitted to use the property on hand at the time of the termination of the contract, not, however, in such a manner as to induce the public to believe that he is bottling and selling "Laurer Beer."

Proposed findings may be submitted, and the terms of the judgment may be settled before me.