Ex parte Ernesto Jiménez Sanjurjo, Petitioner.

No. 3.  Argued May 30, 1939.—Decided June 8, 1939.

*E. Jiménez Sanjurjo*, pro se.

Mr. Justice Travieso delivered the opinion of the Court.

In his petition of May 25, 1939, which is identical to 38 other petitions pending decision, the petitioner Ernesto Jiménez Sanjurjo alleges that on the 24th day of the same month and year he received his degree as Bachelor of Laws at the University of Puerto Rico, after his personal attendance to the law school in said institution, and he prays that in accord-

ance with the provisions of Act No. 1 of March 21, 1933, he be admitted by this Supreme Court to the practice of the legal profession without examination.

The admission of a person to the practice of law is by its nature a purely judicial function. Among the inherent powers of the judicial branch of our Government, is that of determining the requisites which must be complied with and the qualifications which applicants for a license to practice as attorneys before the courts should have. And it is one of its principal duties that of protecting the courts and the community, by refusing to admit those who are not sufficiently learned in the law and those who do not enjoy a clean moral reputation. It is indispensable for the administration of justice and for the correct interpretation of the laws, that attorneys practicing before the courts, of which they are officers, be men of ability, learned in the law and of a sound moral character.

In the case of *People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465, the learned Judge Cardozo, speaking for the Court of Appeals of New York, said:

"Membership in the bar is a privilege burdened with conditions. The appellant was received into that ancient fellowship for something more than private gain. He became an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice."

In *Ex parte Secombe,* 19 How. 9, 13, the Federal Supreme Court expressed itself thus:

"And it has been well settled, by the rules and practice of common-law courts, that it rests exclusively with the court to determine who is qualified to become one of its officers, as an attorney and counsellor, and for what cause he ought to be removed."

In the opinion delivered April 20, 1932, by the justices of the Supreme Judicial Court of Massachusetts, to the Senate of said state in connection with a proposed bill regulating the correction of answers to bar examination questions, which

tended to limit the powers of said court in regard to the admission to the practice of law, it was said:

"There is nothing in the Constitution, either in terms or by implication, to indicate an intent that the power of the judiciary over the admission of persons to become attorneys is subject to legislative control. The grant of legislative competency to the General Court is in broad language ... It does not embrace the power to override the judicial department of government as to the qualifications of those to be admitted to practice law.

"    .    .    .    .    .    .    .    .    .    .

"No statute can control the judicial department in the performance of its duty to decide who shall enjoy the privilege of practicing law.

"Statutes respecting admissions to the bar, which afford appropriate instrumentalities for the ascertainment of qualifications of applicants, are no encroachment on the judicial department. They are convenient, if not essential, to enable the judicial department properly to perform this duty .... Statutes of that nature are valid provided they do not infringe on the right of the judicial department to determine who shall exercise the privilege of practicing in the courts and under what circumstances and with what qualifications persons shall be admitted to that end. *When and so far as statutes specify qualifications and accomplishments, they will be regarded as fixing the minimum and not as setting bounds beyond which the judicial department cannot go.* Such specifications will be regarded as limitations, not upon the judicial department but upon individuals seeking admission to the bar. There is no power in the General Court to compel the judicial department to admit as attorneys those deemed by it to be unfit to exercise the prerogatives and to perform the duties of an attorney at law.

"    .    .    .    .    .    .    .    .    .    .

"These conclusions are in accord with principles declared in substance by the great majority of courts in this country. (Citations.)    279 Mass. (Supplement) 607.

This Supreme Court had already expressed itself in terms similar to those above transcribed, in *Ex parte Boneta,* 39 P.R.R. 142, and *Ex parte Urrutia,* 43 P.R.R. 160 and 879.    In

the first of said cases, Mr. Justice Texidor, speaking for the court, said:

"From the foregoing study we are convinced that the power to admit aspirants to the practice of law partakes more of a judicial power than of any other power. Undoubtedly, if attorneys are officers of the courts and in and before them their mission is to assist in the administration of justice; if they cooperate with the courts in the exercise of a power so sacred, and if they find themselves, by virtue of statutes founded on a sound, just, logical and constant practice, subject to the inspection of those same courts, the courts must have, before any other power, that of admitting or not those who aspire to become their collaborators and co-operators in the highest mission with which one man or a body of men can be charged."

In accordance with the above cited cases we must decide that the provisions of Section 1 of Act No. 1 of March 21, 1933, upon which the petitioner bases his alleged right to be admitted to the bar without examination, constitute minimum conditions fixed by the legislative power, which in no way are binding upon this Supreme Court, which retains without limitations its inherent and statutory power to fix the conditions and requisites which must be complied with by every applicant for a license to practice as an attorney at law.

In the case *Ex parte Luis Ramos*, decided June 24, 1938, 53 P.R.R. ____, this court, inspired by a desire to raise the standard and the prestige of the legal profession in Puerto Rico, adopted as a rule that no person shall be admitted to the bar examination unless he is a holder of a diploma of Bachelor of Laws issued by a university or law school which has been classified as "A" by the Council of Legal Education of the American Bar Association.

Among the standards of the American Bar Association, drawn by the eminent statesman Elihu Root, there appears the following:

"(2) The American Bar Association is of the opinion that graduation from a law school should not confer the right of admission to the bar, and that every candidate should be subjected to an examination by public authority to determine his fitness."

In conformity with the standards fixed by it, the American Bar Association has refused to classify as "A" those law schools the graduates of which are admitted to the practice of the legal profession without examination, believing that the examination by an official and impartial board of examiners is the most practical means of determining whether the school desiring to be classified as "A" is fulfilling its mission of duly preparing its graduates for the high responsibilities inherent to the practice of the legal profession.

It is highly desirable that the law school of the University of Puerto Rico be classified as soon as possible as "A" by the American Bar Association and that it be placed by said classification upon the same level with the schools of law of the principal universities in the Continent. It will be impossible to obtain such classification as long as the graduates of said institution enjoy the unjustified privilege of being admitted to the practice of law without submitting themselves to a previous examination. And we say that the privilege is unjustified because we can conceive of no reason why the graduates of universities classified as "A," which require as a condition for matriculation therein the possession of a college degree, should be required to take the bar examination, while the graduates of our university are admitted without such requisite.

No person, whether he is a student or a graduate of the University of Puerto Rico, has any "vested right" to be admitted to the bar without a previous examination. That is a special privilege or concession, revocable at the will of this Supreme Court, which is empowered to require from any applicant for a license a demonstration, through the corresponding examination, of his capacity and preparation for the practice of law.

As a matter of fact we do not see why a candidate who considers himself intellectually and academically prepared to assume the responsibilities imposed by the practice of the

profession, can have any objection to being submitted to the bar examination.

On the contrary, we believe that the candidate who obtains his license after successfully passing the bar examination will feel much prouder of his diploma, will have a greater confidence in himself and will offer greater security to those persons who may desire to entrust to him the defense of their interests.

. For the foregoing reasons and considering that by doing so we are helping as far as possible to uphold the good name and prestige of our University and of its graduates, we are of the opinion that the petition herein for admission to the bar without examination should be denied and that an order should be made authorizing the petitioner, if he so desires, to take the bar examination during the next month of November, on the day, at the hour and under such condition as this court will opportunely fix.