**HERMAN v. ACHESON,**
Secretary of State.

C. A. No. 3772–52.

United States District Court,
District of Columbia.

Nov. 17, 1952.

724

Kenneth N. Parkinson, Washington, D. C. (Dunning, Nellis & Lundin, Washington, D. C., of counsel), for plaintiff.

William R. Glendon, Asst. U. S. Atty., Charles M. Irelan, U. S. Atty., and Ross O'Donoghue, Asst. U. S. Atty., of Washington, D. C., for defendant.

McGUIRE, District Judge.

This is an action for an injunction and declaratory relief seeking to set aside and declare invalid an order of the International Claims Commission of the United States, dated February 18, 1952, and affirmed by the defendant on July 3, 1952, whereby the right of the plaintiff to practice before the Commission was forever revoked.

From the record of the proceedings before the International Claims Commission it appears that the plaintiff was employed as an attorney in the State Department from 1947 through 1950, where he was instrumental in setting up the International Claims Commission under the provisions of 22 U.S.C.A., Section 1621 et seq. On December 4, 1950 the plaintiff resigned from the State Department and embarked on the private practice of law, where he developed an extensive practice before the Commission. Following an investigation into the conduct of the plaintiff a notice of complaint was served on him by the Commission on September 18, 1951, charging that the plaintiff had failed to conform to recognized standards of professional conduct in violation of Section 300.6 of the Rules of Practice and Procedure of the Commission. The gravamen of the charge made against the plaintiff was that he had violated the Canons of Professional Ethics of the American Bar Association by advertising, soliciting business, and stirring up litigation. The case was set down before the full Commission. Extensive motions were filed by the plaintiff based on various alleged procedural defects, which motions were considered by the Commission. The matter came on for hearing before the Commission on January 23, 1952. At this time the plaintiff announced that he would stand mute and, in fact, no evidence was offered by the plaintiff, nor did he or his attorneys participate in any way at the hearing apart from their mere physical presence. Two days were consumed in receiving evidence in support of the charges against the plaintiff, and on February 18, 1952 findings were issued by the Commission in which it was held that on the basis of the record and the evidence presented the plaintiff had violated canons 16, 27 and 28 of the Canons of

Professional Ethics of the American Bar Association, and the subject order was issued revoking the plaintiff's right to practice before the Commission. The plaintiff appealed to the Secretary of State, the defendant herein. The matter was referred by the latter to a committee of the District of Columbia Bar Association for their recommendations and this committee concluded:

"On the record submitted to us by the Department we are of the unanimous opinion that the respondent appears to have failed to conform to the standards of professional conduct as set forth in the canons of ethics of the American Bar Association."

After a review of the record of proceedings before the International Claims Commission the defendant affirmed its order revoking the plaintiff's right to practice before that Commission and from that decision the present action ensues.

Cross motions for summary judgment have been filed by the parties herein. The plaintiff urges that the proceedings before the International Claims Commission should have been conducted in accord with the procedures established by the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., and that the alleged failure to conform to the provisions of that Act renders the proceedings before the Commission invalid. The defendant contends that the Administrative Procedure Act is not applicable to disciplinary proceedings of this nature, and further argues that, assuming *arguendo* the applicability of the Administrative Procedure Act, that there has been a compliance with its provisions herein. This Court is of the opinion that the defendant's motion for summary judgment should be granted, and that of the plaintiff denied for the reasons set out herein.

The Administrative Procedure Act of 1946 does not apply. This is plain from the Act itself, and plainer still from an examination of its legislative history. Nor does reference to it in the peculiar setting of Title 22 U.S.C.A. § 1623(j), make this conclusion any the less certain.

What was meant there, the Court concludes in construing the statute as a whole, is that all Commission action other than award or denial of claims which was by provision of law to be final—was reviewable. This can include obviously only subsidiary and corollary matters related generically to the subject matter of the Commission and its existent purpose, such as denial of hearing in the case of a claimant whose claim is denied, or is approved for less than the full amount, under such regulations as the Commission might prescribe, Id. § 1623(h); refusal to certify awards to the Secretaries of Treasury and State, Id. § 1624, and one or two others which further illustrate the conclusion indicated.

The matter here bears no such relation to any of these. Again, the Commission sits as a quasi-judicial body. It may prescribe rules and regulations, Title 22 U.S. C.A. § 1622(c); its jurisdiction is specifically set forth, Id. § 1623; it has subpoena powers, may administer oaths, report its hearings, may compensate its witnesses and may refer cases of contumacy or refusal to obey a subpoena to this Court for punishment. Id. § 1623 (b, c). It may take depositions, award attorneys' fees, Id. (d, f), and in a restrictive sense, fix penalties, Id. (e).

■ The court holds, therefore, that under the general grant of power thus given and having in mind the character and function of the Commission and the quasi-judicial nature of the latter, the interests affected by its decisions, that it may without specific authority prescribe rules of practice for the admission of attorneys for practice before it. This it has done, Goldsmith v. U. S. Board of Tax Appeals, 270 U.S. 117, 121, 122, 46 S.Ct. 215, 70 L.Ed. 494. Therefore, the Administrative Procedure Act, as has been indicated above, does not apply for the reasons stated to disciplinary proceedings involving attorneys appearing before it.

■ Assuming, however, *arguendo* that it does, the plaintiff's claim is without equity as he has been accorded all necessary procedural safeguards. He was duly ap-

prised of the nature of the charges against him and the notice given was sufficient in character to bring him before it to explain the matters to which the notice referred.

██ He apparently, however, proceeds on the theory at variance with fact that proceedings against attorneys for malpractice or any unprofessional conduct should be founded upon the formality of allegations akin to indictment. The fact is that such proceedings are often instituted upon information and as the Supreme Court of the United States has said, in Randall v. Brigham, in 1868, 7 Wall. 523, 540, 74 U.S. 523, 540, 19 L.Ed. 285, "or from what the Court learns of the conduct of the attorney from its own observation. Sometimes they are moved by third parties upon affidavit; and sometimes they are taken by the court upon its own motion. *All that is requisite to their validity* is that, when not taken for matters occurring in open court in the presence of the judges, notice should be given to the attorney of the charges made and opportunity afforded him for explanation and defense. The manner in which the proceeding shall be conducted, so that it be without oppression or unfairness, is a matter of judicial regulation." Nor is the proceeding a criminal one in which a party has a right to full, formal and substantial description of the offense judged. Or, as has been said further, by the same Court some fourteen years later in Ex Parte Wall, 107 U.S. 265, 289, 2 S.Ct. 569, 589, 27 L.Ed. 552:

"It is a mistaken idea that due process of law requires a plenary suit and a trial by jury in all cases where property or personal rights are involved. The important right of personal liberty is generally determined by a single judge, on a writ of *habeas corpus,* using affidavits or depositions for proofs, where facts are to be established. Assessments for damages and benefits occasioned by public improvements are usually made by commissioners in a summary way. Conflicting claims of creditors, amounting to thousands of dollars, are often settled by the courts on affidavits or depositions alone. And the courts of chancery, bankruptcy, probate, and admiralty administer immense fields of jurisdiction without trial by jury. In all cases that kind of procedure is due process of law which is suitable and proper to the nature of the case, and sanctioned by the established customs and usages of the courts."

Then the Court went on to say, quoting Judge Cooley, who in turn quoted Webster in the Dartmouth College case, 4 Wheat 518, 17 U.S. 518, 4 L.Ed. 629, in his famous allusion to the law of the land:

"'By the law of the land is most clearly intended the general law—a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial. The meaning is that every citizen shall hold his life, liberty, property, and immunities under the protection of the general rules which govern society.'"

The plaintiff has been afforded that and is entitled to nothing more.

██ Codes of ethics adopted by bar associations, of course, have no statutory force. They are indicative, however, of and reflect the attitude of the profession as a whole upon those courses of action which they frown upon and interdict, and they are commonly regarded by bench and bar alike as wholesome standards of professional ethics. The practice of law is a profession and not a trade.

Further, plaintiff mistakes the end result, which is not disbarment in the sense in which that term is generally understood—but an order excluding him from appearing as counsel before the Commission. The distinction is one in kind and not degree.

In re Fisher, 7 Cir., 1950, 179 F.2d 361, in which was cited Ex Parte Secombe, 1856, 19 How. 9, 60 U.S. 9, 15 L.Ed. 565, merely reiterates propositions of law with which there is no quarrel.

I conclude that the Commission had the legal power and authority to discipline the plaintiff in the manner it did, nor can it be said upon the record in this case that its action was arbitrary and capricious nor in any way derogative of those procedural safeguards alluded to above.