David A. WEBSTER, Individually and on behalf of all others similarly situated, the Atlanta Legal Aid Society, Inc., Individually and on behalf of all others similarly situated; Therion C. Cobbs, Individually and on behalf of all others similarly situated,

v.

Charles A. WOFFORD, in his capacity as Judge of the Superior Court of Fulton County, on his own behalf and on behalf of all others similarly situated.

Civ. A. No. 14253.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 31, 1970.

David A. Webster, pro se.

Michael H. Terry, Robert Neil Dokson, Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen. of Georgia, Arch Y. Stokes, Asst. Atty. Gen., Atlanta, Ga., for defendant.

Before BELL, Circuit Judge, and EDENFIELD and HENDERSON, District Judges.

EDENFIELD, District Judge:

Plaintiffs have brought this action for injunctive and declaratory relief under the provisions of 42 U.S.C. § 1983; 28 U.S.C. § 1343(3) and (4); and 28 U.S. C. §§ 2201, 2202. Specifically, plaintiffs request (1) that Ga.Code Ann. § 9-103(e), which requires an applicant for admission to the practice of law to be a bona fide resident of the State of Georgia for twelve consecutive months immediately preceding the date of such admission, be declared unconstitutional as in violation of the due process and equal

protection clauses of the Fourteenth Amendment, and (2) that a permanent injunction issue, restraining defendant from refusing to administer the oath of admission to bar applicants who have fulfilled all requirements, except that of residency.

Plaintiff David Webster is a 1966 magna cum laude graduate of the University of Vermont, a 1969 Order of the Coif graduate from the University of Chicago School of Law, and a member of the Bar for the District of Columbia who, prior to his employment with Plaintiff Atlanta Legal Aid Society, was law clerk to the Honorable John C. Godbold, Judge of the Fifth Circuit Court of Appeals. He passed the June, 1970, Georgia Bar Examination and is qualified to become a member of the Georgia bar, except for the fact that he fails to meet the statutory residency requirement of Ga.Code Ann. § 9–103(e). The other plaintiffs are Atlanta Legal Aid Society, the employer of Plaintiff Webster, and Therion Cobbs, a potential client who desires the legal services of Plaintiff Webster.

Defendant is the Honorable Charles A. Wofford who is sued in his capacity as Judge of the Superior Court of Fulton County. Defendant allegedly refused to administer the oath to Plaintiff Webster on the ground that he did not meet the statutory residency requirement.

Ga.Code Ann. § 9–103(e) provides as follows:

"Qualifications and residence of applicant.—

\* \* \* \* \* \*

"(e) Notwithstanding any other statute or rule of law, any graduate of a law school which is accredited by the American Bar Association shall be permitted, upon satisfactory proof of compliance with all pertinent requirements of this section other than the residency requirement, to apply for and to take the examination as provided in this Chapter: *Provided, that no such applicant shall be admitted to the practice of law until such applicant shall have been a bona fide resident of the State of Georgia for a period of 12 consecutive months immediately preceding the date of such admission, even though such applicant shall have successfully passed such examination."* (Emphasis added.)

Before reaching the merits, we must first consider defendant's suggestion that this court lacks jurisdiction over the subject matter of this action; or that if the court has jurisdiction, it should abstain because the constitutionality of § 9–103(e) has never been presented to the Georgia Supreme Court. With respect to jurisdiction, we find that this court does have subject matter jurisdiction.[1] Schware v. Board of Bar

---

1. Defendant cites numerous cases for the proposition that lower federal courts have no subject matter jurisdiction in cases involving state bar standards. *E. g.,* Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957); Ginger v. Circuit Court for Wayne County, 372 F.2d 621 (6th Cir. 1967); Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966). The line of cases upon which defendant relies involve state disbarments or suspensions and the analogy to a case, such as this, where state bar requirements are challenged as unconstitutional, is not persuasive. We are more persuaded by the approach taken in *Law Students, infra,* and *Keenan, infra,* and the following statement from *Schware, infra:*

"A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. Dent v. West Virginia, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623. *Cf.* Slochower v. Board of Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692; Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216. And see Ex parte Secombe, 19 How. 9, 13, 15 L.Ed. 565. A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or

Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); Keenan v. Board of Law Examiners, 317 F.Supp. 1350, Civil Action No. 2554 (E.D.N.C., Oct. 2, 1970); Law Students Civil Rights Research Council, Inc. v. Wadmond, 299 F. Supp. 117 (S.D.N.Y.1969). With regard to defendant's invitation to abstain, that invitation is declined. Not only does this case appear inappropriate for abstention [2] but defendant has suggested no construction of § 9–103(e) which would resolve the constitutional questions.

■ Going to the merits of plaintiffs' constitutional challenge,[3] the statute itself creates two classes of prospective bar members. One class is comprised of those bar applicants who have met all requirements for admission, including the one-year residency requirement. The other class is comprised of those bar applicants who have met all admission requirements except that of one year's residence. Members of the former class are admitted to the Georgia bar, while members of the latter class, though they are equally qualified, are denied admission solely because they have not been residents of Georgia for the requisite number of months. Discrimination is unquestioned. The issue is whether the requirement furthers some the conclusion that the requirement de-

nies equal protection. We find that it does not.

The State of Georgia argues that the statute encourages nonresident graduates from ABA accredited law schools to come to Georgia. This may be true insofar as it permits such persons to take the bar examination without complying with the usual twelve-month residency requirement. However, it appears that the proviso of the statute could only discourage such persons when it prohibits their admission to the bar, even though they have been found qualified in every way, merely because they have been residents for less than twelve months. The argument that the residency requirement promotes contacts between the prospective attorney and the community, thereby encouraging the prospective attorney to establish a stake in the community is not persuasive. Equally unpersuasive is the argument that the residency waiting period enables the prospective attorney to absorb local legal practices. Having established residency and taken the bar examination, the applicant is not required to physically remain in Georgia prior to the fulfilment of his residency requirement. Having become a permanent resident he may decide to sojourn elsewhere. The situation might be different if the applicant's acts or achievements in the

capacity to practice law. Douglas v. Noble, 261 U.S. 165, 43 S.Ct. 303, 67 L.Ed. 590; Cummings v. Missouri, 4 Wall. 277, 319–320, 18 L.Ed. 356. *Cf.* Nebbia v. New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940." 353 U.S. at 238–239, 77 S.Ct. at 756.

2. The court notes that the constitutionality of § 9–103(e) was raised in the Superior Court of Fulton County. Judge McKenzie upheld the statute in In re Harrison and Jacobson, Civil Action No. —— (Fulton County Superior Court, May 21, 1970). The court further notes that the statute is clear and unambiguous and that the challenge presented is based solely on federal constitutional grounds.

3. Plaintiffs raised the following constitutional challenges in their complaint: (1) Violation of due process in that § 9–103

(e) arbitrarily deprives plaintiffs of their fundamental right to travel and to take up residence in Georgia. (2) Violation of equal protection in that § 9–103(e) creates a classification that substantially impedes the exercise of fundamental and preferred constitutional rights, *i. e.*, Webster's right to travel and the client's right to free expression, and promotes no compelling governmental interest. (3) Violation of equal protection in that § 9–103(e) discriminates irrationally against the bar applicant who must take the bar examination and fulfil a twelve-month residency requirement, while the bar applicant who is excused from the examination by reason of five years practice in another state need not comply with the twelve-month residency requirement. Because of the view taken by the court, we need consider only plaintiffs' equal protection argument.

interim were under investigation or in some constructive fashion were made a condition of his ultimate admission. All investigation into his background, moral character, etc., are completed and reviewed, however, prior to the bar examination. The statute as drawn therefore serves absolutely no purpose save delay. Indeed, so far as appears, the applicant could remain in a self-induced coma for the entire period and still demand admission at the appointed time. A statute which permits such obvious discrimination and unequal treatment cannot be supported by such a slender and evanescent thread. The court concludes that it is unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment.

This is not to say that Georgia cannot require a reasonable period of residency prior to taking the bar examination for the purpose of permitting personal interviews and investigation with respect to an applicant's background, moral character and qualifications. The State clearly has a legitimate interest in this area and may adopt reasonable requirements to further that interest. Such requirements, however, should be imposed only to the extent that they are necessary to protect the State's interest. Onerous restrictions are impermissible.[4]

We might add that the court is reluctant to interfere in matters which are so peculiarly state-oriented in nature, as the admission standards and requirements for the state bar. The state interest in this area is great and the task of protecting this interest falls squarely on the shoulders of the respective states. No one is in a better position to adopt measures to protect this interest than the state legislature and state judiciary. Only when the State imposes a standard or requirement which is constitutionally impermissible should a federal court intervene, and then only with the greatest caution. Though we find a portion of Ga.Code Ann. § 9–103(e) to be unconstitutional, we do not consider injunctive relief to be either necessary or appropriate in this case.

We are aware that our decision may raise certain questions with respect to the status of ABA accredited law school graduates. It appears that under the law as it will stand subsequent to this decision, that they may take the bar without meeting the twelve-month residence requirement prior to taking the bar examination and that they will not be required to meet a twelve-month residency prior to admission to the bar. Any problem created is more appropriately resolved by the Georgia legislature and not this court.

It is therefore ordered and adjudged that the proviso contained in Ga.Code Ann. § 9–103(e) be declared unconstitutional insofar as it denies admission to the bar to one who, though found to be qualified, has not resided in Georgia for twelve months prior to admission.

4. We do not view the expressions of this paragraph to be in conflict with *Keenan, supra*, which held unconstitutional the North Carolina residency requirement *prior to taking* the state bar examination. The requirement in *Keenan* worked an onerous hardship on non-resident bar applicants. The *Keenan* court stated: "We express no opinion upon the constitutional validity of rules requiring residency at the time of examination or of admission or upon the validity of short term pre-admission residency requirements designed to insure personal interviews and contact with the applicant." At n. 17.