Joseph S. WARD, Plaintiff,

v.

BOARD OF EXAMINERS OF ENGI-
NEERS, ARCHITECTS AND SUR-
VEYORS OF the COMMONWEALTH
OF PUERTO RICO, et al., Defend-
ants.

Civ. A. No. 159–73.

United States District Court,
D. Puerto Rico.

Feb. 12, 1976.

Santos P. Amadeo, Rio Piedras, P. R.,
for plaintiff.

José Acosta Grubb, General Litigation
Division, Dept. of Justice of P. R., San
Juan, P. R., for defendants.

Before COFFIN, Circuit Judge, and
TOLEDO and PESQUERA, District
Judges.

OPINION

COFFIN, Circuit Judge.

Plaintiff is a resident of New Jersey
who desires to be licensed in Puerto Rico
as an engineer. Defendants, the mem-
bers of the Board of Examiners charged
with the task of passing upon the quali-
fications of those seeking such a license,
have not examined him because of his
failure to comply with the statutory resi-
dency requirement for licensure. 20 L.P.
R.A. § 689. This statute requires resi-
dence in the Commonwealth for one year
prior to the filing of an application for

licensing. This three-judge court was convened to consider plaintiff's contentions that the statute should be enjoined as unconstitutional.

We have previously issued an opinion, and partial judgment, that the durational residency requirement of one year offended the equal protection clause of the Fourteenth Amendment to the Constitution. *Ward v. Board of Examiners*, Civ. No. 159–73 (D.P.R. July 15, 1975). In an eleventh hour claim prior to that decision, the defendants raised the contention that the statute, 20 L.P.R.A. § 689, imposes not one, but two residency requirements. The first is an actual, bona fide residence in Puerto Rico, and the second, the durational, one-year requirement. As the issues involved in the bona fide residency requirement had not been adequately briefed by the parties, we requested additional briefs on that subject, and proceeded to decide the durational residency requirement alone.[1] At this juncture, the sole issue before us is the constitutionality of the actual, bona fide residency requirement under the Fourteenth Amendment.

▮ The statute does create two classes of applicants for licensing as engineers in the Commonwealth of Puerto Rico: (1) persons residing in Puerto Rico at the time of application to the Board of Examiners and (2) those who are residing elsewhere. It is basic law, however, that all classifications do not of-

fend the equal protection clause of the Fourteenth Amendment. *Railway Express Agency v. New York*, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949).[2] Under the traditional test, a classification is permissible under the equal protection clause if it is rationally related to the purpose of the statute in which it is contained. *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491, 501 (1970). Some classifications, because they isolate a suspect class, or because they infringe upon a fundamental right are more rigorously examined. These classifications are permitted only if they serve a compelling state interest. *Dunn v. Blumstein*, 405 U.S. 330, 335, 92 S.Ct. 995, 999, 31 L.Ed.2d 274, 280 (1972). As we cannot say that residency is a suspect classification, or that the actual residency requirement burdens a fundamental right,[3] we find that the classification before us does not call for a strict standard of review. *Costa v. Bluegrass Turf Services, Inc.*, 406 F.Supp. 1003–1007, 44 U.S.L.W. 2293–94 (E.D.Ky.1975). Therefore, we need only find that a legitimate state purpose, rationally related to the licensing of qualified engineers, is served by actual residency to find the classification permissible under the equal protection clause.

▮ The Board of Examiners, and the amicus curiae, Colegio de Ingenieros, Arquitectos y Agrimensores de Puerto Rico, advance several purposes for the

1. The defendants claimed that the plaintiff lacked standing to challenge the durational residency requirement because he did not satisfy the actual residence requirement. In our earlier opinion we stated that "[o]nly the most creative reading of the record could support the conclusion that plaintiff was turned away because of his residency in New Jersey rather than because of his failure to reside for a year in Puerto Rico." As the letter denying plaintiff licensing had specifically mentioned the durational residency requirement, we concluded that plaintiff had standing to contest that portion of the statute.

2. Plaintiff also makes an argument based on the privileges and immunities clause of the Fourteenth Amendment. It has been found, however, that residency requirements for licensing in professions in which the public has

an interest do not offend this clause. *LaTourette v. McMaster*, 248 U.S. 465, 39 S.Ct. 160, 63 L.Ed. 362 (1919) (insurance brokers).

3. It is unsettled whether classifications which impinge upon the constitutional right to interstate travel require a strict standard of review. *See The Supreme Court-Foreword*, 88 Harv.L. Rev. 13, 114 (1974). In any event, we do not view actual residency requirements as impinging on the right to travel. The line of cases which have invalidated durational residency requirements have used travel in a special sense, "migration with the intent to settle and abide". *Cole v. Housing Authority*, 435 F.2d 807 (1st Cir. 1970), approved in *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974). Actual residency requirements are not inimical to travel in this special sense.

residency requirement. The first, to "save the work" on an island plagued by high unemployment, is not a permissible governmental purpose. *See Flores de Otero v. Examining Board,* (D.P.R.1974), *prob. juris. noted,* 421 U.S. 986, 95 S.Ct. 1988, 44 L.Ed.2d 476, 43 U.S.L.W. 3624 (1975). The Colegio, however, also places reliance on the state interest in facilitating evaluation of application for engineers' licenses. The residency requirement assists the Board of Examiners, which is composed of active professionals and which operates on a limited budget, to efficiently pass upon the ability and moral character of an applicant. Several courts have sustained actual residency requirements for admission to the bar on similar reasoning. *Lipman v. Van Zant,* 329 F.Supp. 391, 403 (N.D. Miss.1971); *Webster v. Wofford,* 321 F. Supp. 1259, 1262 (N.D.Ga.1970). While, as the Colegio concedes, sufficient information about an applicant might be forthcoming from mail and telephone inquiries, we cannot say that residency does not serve a rational state purpose in evaluating the applications for engineers' licenses.[4] Consequently, 20 L.P.R.A. § 689, insofar as it imposes a requirement of actual residency does not offend the equal protection clause of the Fourteenth Amendment.

Judgment on the actual residency requirement will be entered for defendants in accordance with the above opinion.

---

4. The Board asserts that Article 1483 of the Puerto Rico Civil Code which imposes liability on the contractor if the building collapses within ten years of its completion also supports the residency requirement. This statute, part of the historic civil law regulation of professional engineers, is designed to insure that the highest standards are followed by the members of the engineering profession, and to protect the public from defalcations in that duty. An engineer who has shown some disposition to reside in Puerto Rico might reasonably be expected to be available for service of process within the limitations period, while one who has never resided on that island, must be reached, if at all, through a long arm statute. However, in light of our findings, we do not need to rely on this purpose.