ANN JANSEN HANEY, Secretary Department of Regulation andLicensing
The examining board of architects, professional engineers, designers, and land surveyors is responsible for examination and registration *Page 157 
of professional engineers. Secs. 15.405(2)(b), 443.04, 443.09, and 443.10(2)(c), Stats. An applicant for registration as a professional engineer must submit satisfactory evidence to the examining board of one of the three criteria enumerated in sec.443.04(1), Stats.:
 (a) A diploma of graduation, or a certificate, from an engineering school or college approved by the examining board as of satisfactory standing in an engineering course of not less than 4 years, together with an additional 4 years of experience in engineering work of a character satisfactory to the examining board and indicating that the applicant is competent to be placed in responsible charge of such work; or
 (b) A specific record of 12 or more years of experience in engineering work of a character satisfactory to the examining board and indicating that the applicant is competent to be placed in responsible charge of such work; or
 (c) A specific record by an applicant not less than 35 years of age of 12 years or more of experience in engineering work of a character satisfactory to the examining board and indicating that the applicant is competent to practice engineering.
Every registrant must be "of good character and repute," sec.443.09(2), Stats. Every registrant must also pass an examination, except persons who are at least thirty-five years old and who have "12 years or more experience in engineering work of a character satisfactory to the examining board and indicating that the applicant is competent to practice engineering." Secs.443.04(1)(c) and 443.09(4) (5), Stats.
You ask four questions concerning the statutes which regulate the examination and registration of professional engineers, and concerning the authority of the examining board to adopt administrative rules to interpret the statutory phrase "engineering work of a character satisfactory to the examining board and indicating that the applicant is competent to practice engineering." Sec. 443.04(1)(c), Stats. Your first and fourth questions inquire whether the examining board may adopt an administrative rule interpreting the quoted statutory phrase, which would require a professional engineering applicant to have practiced engineering in Wisconsin for at least six *Page 158 
months or have had contacts with the state such that the applicant is familiar with Wisconsin law and practice. In my opinion, the answer is yes.
The examining board is empowered "to formulate rules . . . for the guidance of the trade or profession to which it pertains." Sec. 15.08(5)(b), Stats. Rules interpret or make specific those statutes which are administered and enforced by the board. Wis.Elec. Power Co. v. DNR, 93 Wis.2d 222, 232, 287 N.W.2d 113
(1980); sec. 227.01(9), Stats. Rules must not be arbitrary or unreasonable. Kachian v. Optometry Examining Board, 44 Wis.2d 1,8, 170 N.W.2d 743 (1969). Moreover, the board may issue only such rules as are expressly or impliedly authorized by the Legislature, and any reasonable doubt of the existence of implied authority must be resolved against its exercise. State v. ILHRDepartment, 77 Wis.2d 126, 136, 252 N.W.2d 353 (1977).
In interpreting the statutory phrase "engineering work of a character satisfactory to the examining board and indicating that the applicant is competent to practice engineering," sec.443.04(1)(c), Stats., it is my opinion that the examining board is empowered to adopt a rule requiring minimum engineering experience in Wisconsin or sufficient contacts with the state so as to ensure familiarity with Wisconsin law and practice. Such a rule would provide guidance to professional engineers concerning the character of engineering work which the examining board considers to be "satisfactory" and to indicate competence to practice engineering. The rule would not be arbitrary or unreasonable. The power to make the rule may be fairly implied since sec. 443.04(1)(c), Stats., provides that engineering work must be "satisfactory" to the board, and because the board is required to "promote the public welfare and ensure the safety of life, health and property." Sec. 443.09(5), Stats.
Although such a rule would be encompassed within the examining board's statutory latitude to adopt rules, the rule must also be constitutional. "This is because no governmental agency has any power to adopt an unconstitutional rule . . . even though it may have been specifically authorized so to do." Lawson v. HousingAuthority, 270 Wis. 269, 279, 70 N.W.2d 605 (1955). Insofar as the rule would distinguish between that class of persons who possess minimum Wisconsin *Page 159 
engineering experience or contacts, and that class of persons who do not, the classification would be measured against the "rational basis" standard which "has consistently been applied to state legislation restricting the availability of employment opportunities." Dandridge v. Williams, 397 U.S. 471, 485 (1970). Under the rational basis standard, a statute is constitutional if it "rationally furthers some legitimate state purpose." SanAntonio School District v. Rodriguez, 411 U.S. 1, 17 (1973).
A classification based on minimum Wisconsin engineering experience or contacts would not require more strict judicial scrutiny because it would not operate to the peculiar disadvantage of a suspect class or interfere with the exercise of a fundamental right. Massachusetts Bd. of Retirement v. Murgia,427 U.S. 307, 312 (1976). I assume for purposes of this opinion that a person could obtain the minimum Wisconsin engineering experience or contacts without being a resident of this state, perhaps under the permit procedure provided in sec. 443.10(1)(d), Stats. This is because some durational residence requirements, as opposed to actual residence requirements, might be held to impinge upon a fundamental right to travel, and require strict scrutiny. Andre v. Board of Trustees of Maywood, 561 F.2d 48,52-53 (7th Cir. 1977); Coolman v. Robinson, 452 F. Supp. 1324,1328 (N.D. Ind. 1978).
The rule clearly would satisfy the rational basis standard. It would ensure that applicants for registration as professional engineers would have familiarity with Wisconsin law and practice in the field of engineering. It is consistent with the statutory mandate that the examining board determine "that the applicant is competent to practice engineering." Sec. 443.04(1)(c), Stats. Thus, in my opinion, the examining board is authorized to adopt a rule which would require that applicants have practiced engineering in Wisconsin for at least six months or have had contacts with the state such that the applicant is familiar with Wisconsin law and practice.
Your second question inquires whether the classifications created by sec. 443.01(b)-(c), Stats., are unconstitutional. Subsection (b), in conjunction with sec. 443.09(4), Stats., provides that persons who have twelve or more years of experience in engineering work and who pass an examination may be registered as professional engineers *Page 160 without a diploma from an engineering school approved by the examining board. Those persons who have less than twelve years of experience in engineering work must have a diploma from an engineering school approved by the examining board. In my opinion, this classification is not unconstitutional.
Since no suspect class or fundamental right is involved, the rational basis standard is applicable. In my view, the Legislature rationally could conclude that twelve years of experience in engineering work is an adequate substitute for a diploma from an approved engineering school, while at the same time concluding that a lesser amount of experience is not adequate. I take this view cognizant of the rules that a statute is presumed to be constitutional, that unconstitutionality must be demonstrated beyond a reasonable doubt, that any rational basis will sustain the constitutionality of a statute, and that courts are not concerned with the merits or wisdom of the statute being challenged. State ex rel. Hammermill v. La Plante,58 Wis.2d 32, 46-47, 205 N.W.2d 784 (1973).
Section 443.01(c), Stats., in conjunction with sec. 443.09(4), Stats., provides that persons who have twelve or more years of experience in engineering work and who are not less than thirty-five years of age may be registered as professional engineers without examination. Those persons who have twelve or more years of experience in engineering work but who are less than thirty-five years of age must pass an examination. Secs. 443.01(b) and 443.09(4), Stats. In my opinion, this classification is constitutional.
Age is not a suspect classification, Murgia,427 U.S. at 313-14, and, therefore, the rational basis standard is applicable. The exemption from the examination requirement for applicants who are thirty-five years of age and older, sometimes referred to as an "eminence" provision, was created by ch. 510, Laws of 1949. The purpose of the provision is to recognize the experience of older applicants and to draw a line beyond the minimum twelve years of experience in engineering work where an examination no longer is considered necessary to protect public health, safety, and welfare. Cf. sec. 443.09(5), Stats. *Page 161 
Presumably all persons who have twelve or more years of experience in engineering work would be at least thirty years of age. Although there would appear to be little reason to distinguish between a thirty-five year old applicant and applicants between the ages of thirty and thirty-five, all of whom have twelve or more years of experience in engineering work, "the drawing of lines that create distinctions is peculiarly a legislative task and . . . [p]erfection in making the necessary classifications is neither possible nor necessary." Murgia,427 U.S. at 314. It is not for me to judge the "wisdom of what the legislature has done." Gottlieb v. Milwaukee, 33 Wis.2d 408,415, 147 N.W.2d 633 (1967). Consequently, in my view, there is a rational basis to sustain the age classification created by sec.443.04(1)(c), Stats.
Your third question inquires whether it would be constitutional to require an applicant for registration as a professional engineer to be a resident of Wisconsin for ten days prior to applying for registration. In my opinion, the answer is yes.
It is not certain whether the classification created by such a requirement would be measured against a rational basis standard or against a strict scrutiny/compelling state interest standard. In Shapiro v. Thompson, 394 U.S. 618 (1969), the Court held unconstitutional a one-year residence requirement for welfare benefits on the ground that it unconstitutionally penalized the fundamental right to travel interstate. In so holding, the Court stated, 394 U.S. at 638 n. 21:
 We imply no view of the validity of waiting-period or residence requirements determining eligibility . . . to obtain a license to practice a profession . . . . Such requirements may promote compelling state interests on the one hand, or, on the other, may not be penalties upon the exercise of the constitutional right of interstate travel.
In Sosna v. Iowa, 419 U.S. 393 (1975), the Court upheld a one-year residence requirement for divorce without applying strict judicial scrutiny. Subsequent cases involving state-imposed durational residence requirements for employment opportunities have split with respect to the appropriate constitutional standard. Costa v. Bluegrass Turf Service, Inc., 406 F. Supp. 1003,1006 (E.D. Ky. 1975) *Page 162 
[strict scrutiny/compelling state interest standard]; Coolman v.Robinson, 452 F. Supp. 1324, 1328 (N.D. Ind. 1978) [rational basis standard]. This is true despite the Court's earlier observation in Dandridge v. Williams, 397 U.S. at 485, that the rational basis standard "has consistently been applied to state legislation restricting employment opportunities."
In my view, the question you pose is answered persuasively inGolden v. State Bd. of Law Examiners, 452 F. Supp. 1082 (D. Md. 1978), where the court upheld, under a rational basis standard, a requirement that an applicant be a resident of Maryland for twenty days prior to examination. The court noted that the residence requirement was not of excessive duration and that it furthered a legitimate state interest by allowing the state to assess the applicant's moral character. Other courts have reached the same conclusion. Suffling v. Bondurant, 339 F. Supp. 257, 260
(D. N.M. 1972); Webster v. Wofford, 321 F. Supp. 1259, 1262 (N.D. Ga. 1970); Lipman v. Van Zant, 329 F. Supp. 391, 402-04 (N.D. Miss. 1971); Ward v. Bd. of Examiners of Eng., Etc., Com. ofP.R., 409 F. Supp. 1258, 1260 (D. P.R. 1976). Moreover, inSuffling, 339 F. Supp. at 260, the court expressed "the view that a state does have a compelling interest in the quality and integrity of the persons whom it licenses . . . and may impose regulations which promote that interest."
The examining board in Wisconsin is required to determine that an applicant for registration as a professional engineer is "of good character and repute." Sec. 443.09(2), Stats. Although I express no position with respect to the wisdom of imposing a ten-day residence requirement prior to application for registration as a professional engineer, I believe that the Legislature is constitutionally authorized to do so.
BCL:DCR *Page 163